**1:21 CV 791**

**JUDGE CALABRESE**

**MAG. JUDGE BAUGHMA[N]**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION AT CLEVELAND

**FILED**
**APR 14 2021**
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
TOLEDO

| | |
|---|---|
| JAKUB MADEJ,<br><br>    Plaintiff,<br><br>v.<br><br>JP MORGAN CHASE N.A.,<br><br>    Defendant. | Civil Action No. 21-cv-____<br><br>JURY TRIAL DEMANDED<br><br>MARCH 28, 2021<br><br>47 U.S.C. § 227 (TCPA) |

## COMPLAINT FOR VIOLATIONS OF TCPA, 47 U.S.C. § 227

Plaintiff Jakub Madej ("Mr. Madej") alleges:

### NATURE OF THIS ACTION

1.  This is a case for damages and injunctive relief against JP Morgan Chase, which made at least 88 automatic "robocalls" to Plaintiff's primary phone from two Cleveland are numbers on 43 different days between December 2, 2020 and March 13, 2021. These calls harassed Plaintiff, invaded his privacy and forced Plaintiff to change his phone number. Plaintiff has never consented to these calls. Chase never asked for his consent either and never intended to obtain permission to call. To curb Chase's repeated and deliberate violations of TCPA, Mr. Madej now seeks an order finding Chase liable under TCPA, enjoining Chase from further violations of TCPA, and awarding him compensatory and punitive damages for past deliberate violations.

### PARTIES

2.  Plaintiff Jakub Madej is a natural person.

3. JPMorgan Chase N.A. ("Chase") is a financial services holding company and a largest bank in the United States.

## JURISDICTION AND VENUE

4. This court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and 47 U.S.C. § 227(b)(3) (TCPA).

5. This court has personal jurisdiction over Chase because Chase regularly transacts business in the Northern District, a material portion of the events at issue occurred there, and the numbers Chase used are assigned to Cleveland, Ohio.

6. Venue is proper in Northern District of Ohio under 28 U.S.C. § 1391(b) because Chase regularly transacts business in this District and maintains a registered office there.

## STATUTORY FRAMEWORK AND SOURING REALITY

7. Congress passed the Telephone Consumer Protection Act (TCPA) in 1991 to protect consumers from unwanted telephone calls, text messages, and faxes. 47 U.S.C. § 227, Pub.L. No. 102–243, 105 Stat. 2394 (Dec. 20, 1991).

8. As relevant here, TCPA outlaws two practices: (i) using an automatic telephone dialing system or an artificial or prerecorded voice message without the prior express consent of the called party, 47 U.S.C. § 227(b)(1)(A), and (ii) using artificial or prerecorded voice messages to call residential telephone lines without prior express consent. § 227(b)(1)(B).

9. As TCPA generated a flurry of class action suits, businesses have treated litigation as ordinary course of business. According to the YouMail National Robocall Index (YNRI), Americans received 4.6 *billion* robocalls in February 2021. That's 1,900 calls every *second*, and 14.1 calls per every individual in the country. *See* https://robocallindex.com/ (last visit Mar. 27, 2021).

10. Americans' outrage at these flagrant violations of law is perhaps best reflected in the titles of various bills introduced in Congress, some of which appear below.

| Name of the Bill | Session of Congress | Became Law? |
|---|---|---|
| Spam Calls Task Force Act of 2019 | 116th Congress | No |
| Ending One-Ring Scams Act of 2019 | 116th Congress | No |
| Tracing Back and Catching Unlawful Robocallers Act of 2019 | 116th Congress | No |
| Locking Up Robocallers Act of 2019 | 116th Congress | No |
| Telephone Robocall Abuse Criminal Enforcement and Deterrence Act (Palone-Thune TRACED Act) | 116th Congress | Yes |

## FACTUAL BACKGROUND

### Chase's Robocalls Violated TCPA

11. Mr. Madej has used (203) 928-8486 as his primary phone number since August 2016 until March 2021. Mr. Madej is the only subscriber of this number.

12. Between November 17, 2020 and March 24, 2021, Chase Financial made at least 88 calls to (203) 928-8486, Plaintiff's primary telephone number. Chase called Mr. Madej from several numbers, including (614) 890-1025 and (614) 890-1204. The table below demonstrates specific periods when Chase made these calls to Mr. Madej.

| Time Frame | Originating Number | Counts |
|---|---|---|
| December 2, 2020 – March 16, 2021 | (614) 890-1025 | 69 |

| February 1 – March 13, 2021 | (614) 890-1204 | 19 |

13. The list above will be amended to include every call Chase placed after this complaint has been filed but before trial.

14. Chase uses more than 20 different phone numbers in the ordinary course of business to make such "robocalls". Oftentimes, Chase uses most or all these numbers to make thousands of phone calls simultaneously to thousands of consumers without any human intervention. Chase uses so many different numbers also to avoid detection and disguise the scale of its operations.

15. To make these calls, Chase used automatic telephone dialing system which containing prerecorded voice and which operated without human intervention.

16. Mr. Madej did not consent, whether directly or indirectly, to these calls. In particular, he did not consent to them in writing at any time.

17. Chase's phone did not have any meaningful informational purpose. Rather, Chase made them solely for commercial purposes to profit Chase.

18. Several of Chase's calls contained prerecorded messages that did not specify the intended recipient but were intentionally anonymized. Other calls Chase made ended 2 to 3 seconds after Plaintiff answered them. Chase makes these latter calls for analytics purposes – solely to verify if the number is still active, and whether that number should be contacted again.

19. To make these calls, Chase used a computerized system that had the capacity to, and in fact did, place autodialed calls. Chase never intended to connect Mr. Madej with a human agent.

20. Chase's conduct caused actual damage to Plaintiff by:
   a. invading his privacy with repeated automatic calls from several numbers at various times of the day;

b. incurring charges;

c. reducing Plaintiff's cellular telephone time;

d. blocking Plaintiff's voicemail by having to manually retrieve and delete the messages left by Chase.

### Chase Deliberately and Knowingly Violated TCPA

21. Chase knew that its calls to Plaintiff violated TCPA but nonetheless chose to make them.

22. Chase's strategy of making repeated calls to individuals and customers without regard to their privacy is a deliberate and calculated business strategy. Plaintiff was not an exception. Chase regularly places between 2-5 calls a day at previously specified intervals to various individuals, often from different phone numbers to conceal the caller's true identity and to prevent customers from blocking its calls.

23. Chase did not maintain a Do Not Call policy, as mandated by 47 C.F.R. § 64.1200 (d)(1).

24. Because Chase willfully and knowingly violated TCPA, Mr. Madej is entitled to compensatory damages and treble damages for each violation of TCPA. Accordingly, the Court should find Chase liable and impose full sanctions under the law.

### CLAIM FOR RELIEF

### Counts 1-88
### Violations of 47 U.S.C. § 227(b)

25. Between December 2, 2020 and March 13, 2021, Chase operated an automatic telephone dialing system capable of storing random and sequential numbers, and made at least 88 separate calls from numbers (614) 890-1025 and (614) 890-1204 to

Plaintiff's primary phone number, using said system, which operated without human intervention, in violation of Title 47, United States Code, Section 227 (TCPA).

26. Between December 2, 2020 and March 13, 2021, Chase willfully and knowingly made 88 separate calls to Plaintiff even though it knew that doing so would violate TCPA because, among other reasons, Plaintiff did not consent to Chase's robocalls, Chase never obtained Plaintiff's written consent to these calls, Chase never intended to obtain Plaintiff's consent to these calls, Chase did not maintain TCPA policies, and Chase did not train its employees to observe such policies, all in violation of Title 47, United States Code, Section 227 (TCPA).

| Time Frame | Originating Number | Counts |
| --- | --- | --- |
| December 2, 2020 – March 16, 2021 | (614) 890-1025 | 1-69 |
| February 1 – March 13, 2021 | (614) 890-1204 | 70-88 |

## PRAYER FOR RELIEF

Mr. Madej demands that the Court enter judgment in his favor and against Chase, and grant the following relief:

A. Find Chase liable for violating TCPA, 47 U.S.C. § 227(b), as set forth above;

B. Award statutory damages of $500 for each violation, for a total of $44,000;

C. Find that Chase willfully or knowingly violated TCPA, for reasons specified above;

D. Award punitive damages of $1,500 for each violation, for a total of $132,000;

E. Award Mr. Madej actual damages, in an amount to be proven at trial, for harassment and actual harm that resulted from Dialers' violations;

F. Enjoin Chase from committing further violations of TCPA;

G. Grant attorney's fees and reasonable costs and expenses incurred in this litigation;

H. Grant any other relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Respectfully submitted,

DATED: March 28, 2021.

By: /s/ Jakub Madej
Jakub J. Madej
415 Boston Post Rd, Ste 3-1102
Milford, CT 06460
T: (203) 928-8486
F: (203) 902-0070
E: j.madej@lawsheet.com