# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| Jakub Madej, | Case No. 1:21-cv-791 |
| Plaintiff, | |
| | Judge Calabrese |
| v. | |
| | Magistrate Judge Baughman |
| JPMorgan Chase N.A., | |
| Defendant. | |

## DEFENDANT JPMORGAN CHASE BANK N.A.'S ANSWER TO COMPLAINT

Defendant JPMorgan Chase Bank, N.A. ("Chase"), by and through its undersigned counsel, hereby answers the Complaint (the "Complaint") of Plaintiff Jakub Madej ("Plaintiff" or "Madej") filed April 14, 2021 as follows:

## NATURE OF THIS ACTION

1. This is a case for damages and injunctive relief against JP Morgan Chase, which made at least 88 automatic "robocalls" to Plaintiff's primary phone from two Cleveland are [sic] numbers on 43 different days between December 2, 2020 and March 13, 2021. These calls harassed Plaintiff, invaded his privacy and forced Plaintiff to change his phone number. Plaintiff has never consented to these calls. Chase never asked for his consent either and never intended to obtain permission to call. To curb Chase's repeated and deliberate violations of TCPA, Mr. Madej now seeks an order finding Chase liable under TCPA, enjoining Chase from further violations of TCPA, and awarding him compensatory and punitive damages for past deliberate violations.

**ANSWER:** Chase admits that Plaintiff alleges Chase has violated the Telephone Consumer Protection Act ("TCPA") and seeks damages under the TCPA. Chase denies that it has violated 47 U.S.C. § 227 *et seq.*, that it ever called Plaintiff without his consent, that Plaintiff

has any actionable claim against Chase, that Chase is liable to Plaintiff, and that Plaintiff has suffered any injury as a result of Chase's conduct. Chase denies any remaining allegations of this paragraph.

## PARTIES

2. Plaintiff Jakub Madej is a natural person.

**ANSWER:** Chase admits the allegations of this paragraph.

3. JPMorgan Chase N.A. ("Chase") is a financial services holding company and a [sic] largest bank in the United States.

**ANSWER**: Chase admits that it, as JPMorgan Chase Bank, N.A., is a national banking association organized and operating pursuant to the laws of the United States of America. Chase denies the remaining allegations of this paragraph.

## JURISDICTION AND VENUE

4. This court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and 47 U.S.C. § 227(b)(3) (TCPA).

**ANSWER**: Chase admits that Plaintiff alleges Chase has violated 47 U.S.C. § 227 *et seq.*, and that the Court has subject matter jurisdiction over that claim. Chase denies that it ever called Plaintiff without his consent, that Plaintiff has any actionable claim against Chase, that Chase is liable to Plaintiff, and that Plaintiff has suffered any injury as a result of Chase's conduct. Chase denies any remaining allegations of this paragraph.

5. This court has personal jurisdiction over Chase because Chase regularly transacts business in the Northern District, a material portion of the events at issue occurred there, and the numbers Chase used are assigned to Cleveland, Ohio.

**ANSWER**: Chase admits that it transacts certain business in the Northern District of Ohio. Chase denies all remaining allegations of this paragraph.

6. Venue is proper in Northern District of Ohio under 28 U.S.C. § 1391(b) because Chase regularly transacts business in this District and maintains a registered office there.

**ANSWER**: Chase admits that it transacts certain business in the Northern District of Ohio. Chase denies all remaining allegations of this paragraph.

### STATUTORY FRAMEWORK AND SOURING REALTY

7. Congress passed the Telephone Consumer Protection Act (TCPA) in 1991 to protect consumers from unwanted telephone calls, text messages, and faxes. 47 U.S.C. § 227, Pub.L. No 102-243, 105 Stat. 2394 (Dec. 20, 1991).

**ANSWER**: This allegation is a legal conclusion to which no response is required. To the extent a response is deemed necessary, Chase denies any allegations inconsistent with the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* Chase denies any remaining allegations in this paragraph.

8. As relevant here, TCPA outlaws two practices: (i) using an automatic telephone dialing system or an artificial or prerecorded voice message without the prior express consent of the called party, 47 U.S.C. § 227(b)(1)(A), and (ii) using artificial or prerecorded voice messages to call residential telephone lines without prior express consent. § 227 (b)(1)(B).

**ANSWER**: This allegation is a legal conclusion to which no response is required. To the extent a response is deemed necessary, Chase denies any allegations inconsistent with the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* Chase denies any remaining allegations in this paragraph.

9. As TCPA generated a flurry of class action suits, businesses have treated litigation as ordinary course of business. According to the YouMail National Robocall Index (YNRI), Americans received 4.6 *billion* robocalls in February 2021. That's 1,900 calls every *second*, and 14.1 calls per every individual in the country. See https://robocallindex.com/ (last visit Mar. 27, 2021).

**ANSWER**: Chase lacks information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies the allegations.

10. Americans' outrage at these flagrant violations of law is perhaps best reflected in the titles of various bills introduced in Congress, some of which appear below.

| Name of the Bill | Session of Congress | Became Law? |
|---|---|---|
| Spam Calls Task Force Act of 2019 | 116th Congress | No |
| Ending One-Ring Scams Act of 2019 | 116th Congress | No |
| Tracing Back and Catching Unlawful Robocallers Act of 2019 | 116th Congress | No |
| Locking Up Robocallers Act of 2019 | 116th Congress | No |
| Telephone Robocall Abuse Criminal Enforcement and Deterrence Act (Palone-Thune TRACED Act) | 116th Congress | Yes |

**ANSWER**: Chase lacks information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies the allegations.

## FACTUAL BACKGROUND

### Chase's Robocalls Violated TCPA

11. Mr. Madej has used (203) 928-8486 as his primary phone number since August 2016 until March 2021. Mr. Madej is the only subscriber of this number.

**ANSWER**: Chase admits that (203) 928-8486 is a phone number which Mr. Madej provided to Chase and represented was his phone number. Chase lacks information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies the remaining allegations.

12. Between November 17, 2020 and March 24, 2021 Chase Financial made at least 88 calls to (203) 928-8486, Plaintiff's primary telephone number. Chase called Mr. Madej from several numbers, including (614) 890-1025 and (614) 890-1204. The table below demonstrates specific periods when Chase made these calls to Mr. Madej.

| Time Frame | Originating Number | Counts |
| --- | --- | --- |
| December 2, 2020-March 16, 2021 | (614) 890-1025 | 69 |
| February 1-March 13, 2021 | (614) 890-1204 | 19 |

**ANSWER**: Chase admits that it made phone calls to (203) 928-8486 between November 17, 2020 and March 24, 2021. Chase denies the remaining allegations of this paragraph.

13. The list above will be amended to include every call Chase placed after this complaint has been filed but before trial.

**ANSWER**: This allegation does not require a response. To the extent a response is deemed necessary, Chase lacks information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies the allegations.

14. Chase uses more than 20 different phone numbers in the ordinary course of business to make such "robocalls". Oftentimes, Chase uses most or all these numbers to make thousands of phone calls simultaneously to thousands of consumers without any human intervention. Chase uses so many different numbers also to avoid detection and disguise the scale of its operations.

**ANSWER**: Chase denies the allegations of this paragraph.

15. To make these calls, Chase used automatic telephone dialing system which contained prerecorded voice and which operated without human intervention.

**ANSWER**: Chase denies the allegations of this paragraph.

16. Mr. Madej did not consent, whether directly or indirectly, to these calls. In particular, he did not consent to them in writing at any time.

**ANSWER**: Chase denies the allegations of this paragraph.

17. Chase's phone did not have any meaningful informational purpose. Rather, Chase made them solely for commercial purposes to profit Chase.

**ANSWER**: Chase denies the allegations of this paragraph.

18. Several of Chase's calls contained prerecorded messages that did not specify the intended recipient but were intentionally anonymized. Other calls Chase made ended 2 to 3 seconds after Plaintiff answered them. Chase makes these latter calls for analytics purposes – solely to verify if the number is still active, and whether that number should be contacted again.

**ANSWER**: Chase lacks information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies the allegations.

19. To make these calls, Chas used a computerized system that had the capacity to, and in fact did, place autodialed calls. Chase never intended to connect Mr. Madej with a human agent.

**ANSWER**: Chase denies the allegations of this paragraph.

20. Chase's conduct caused actual damage to Plaintiff by:

    a. invading his privacy with repeated automatic calls from several numbers at various times of the day;

6

      b. incurring charges;

      c. reducing Plaintiff's cellular phone time;

      d. blocking Plaintiff's voicemail by having to manually retrieve and delete the messages left by Chase.

**ANSWER**: Chase denies the allegations of this paragraph.

### Chase Deliberately and Knowingly Violated TCPA

21. Chase knew that its calls to Plaintiff violated TCPA but nonetheless chose to make them.

**ANSWER**: Chase denies the allegations of this paragraph.

22. Chase's strategy of making repeated calls to individuals and customers without regard to their privacy is a deliberate and calculated business strategy. Plaintiff was not an exception. Chase regularly places between 2-5 calls a day at previously specified intervals to various individuals, often from different phone numbers to conceal the caller's true identify and to prevent customers from blocking its calls.

**ANSWER**: Chase denies the allegations of this paragraph.

23. Chase did not maintain a Do Not Call policy, as mandated by 47 C.F.R. § 64.1200(d)(1).

**ANSWER**: Chase denies the allegations of this paragraph.

24. Because Chase willfully and knowingly violated TCPA, Mr. Madej is entitled to compensatory damages and treble damages for each violation of TCPA. Accordingly, the Court should find Chase liable and impose full sanctions under the law.

**ANSWER**: Chase denies the allegations of this paragraph.

## CLAIM FOR RELIEF

### Counts 1-88

### Violations of 47 U.S.C. § 227(b)

25. Between December 2, 2020 and March 13, 2021, Chase operated an automatic telephone dialing system capable of storing random and sequential numbers, and made at least 88 separate calls from numbers (614) 890-1025 and (614) 890-1204 to Plaintiff's primary phone number, using said system, which operated without human intervention, in violation of Title 47, United States Code, Section 227 (TCPA).

**ANSWER**: Chase admits that it made phone calls to (203) 928-8486, a phone number provided to Chase by Mr. Madej, between December 2, 2020 and March 13, 2021. Chase denies the remaining allegations of this paragraph.

26. Between December 2, 2020 and March 13, 2021, Chase willfully and knowingly made 88 separate calls to Plaintiff even though it knew that doing so would violate TCPA because, among other reasons, Plaintiff did not consent to Chase's robocalls, Chase never obtained Plaintiff's written consent to these calls. Chase never intended to obtain Plaintiff's consent to these calls, Chase did not maintain TCPA policies, and Chase did not train its employees to observe such policies, all in violation of Title 47, United States Code, Section 227 (TCPA).

| Time Frame | Originating Number | Counts |
| --- | --- | --- |
| December 2, 2020-March 16, 2021 | (614) 890-1025 | 1-69 |
| February 1-March 13, 2021 | (614) 890-1204 | 70-88 |

8

**ANSWER**: Chase admits that it made phone calls to (203) 928-8486, a phone number provided to Chase by Mr. Madej, between December 2, 2020 and March 13, 2021. Chase denies the remaining allegations of this paragraph.

## PRAYER FOR RELIEF

**WHEREFORE,** Chase denies that it is liable to Plaintiff and that Plaintiff is entitled to any relief against Chase by way of his Complaint; Chase requests the Court to enter judgment in favor of Chase and against Plaintiff on all claims against Chase in this matter, with costs and any appropriate attorneys' fees awarded to Chase, as well as any further relief in favor of Chase as deemed appropriate and just by the Court.

## JURY DEMAND

Plaintiff demands a trial by jury.

**ANSWER:** Chase admits that Plaintiff demands a trial by jury. Chase denies the allegations in this paragraph and any demands in the Complaint to the extent they are inconsistent with the United States Constitution, applicable federal statutes, or Federal Rules of Civil Procedure 38 and 39.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof where it otherwise lies with Plaintiff, Chase, as separate and distinct affirmative defenses to the Complaint and all the claims alleged therein, alleges as follows on information and belief:

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to set forth facts sufficient to state a claim against Chase.

### SECOND AFFIRMATIVE DEFENSE

9

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff consented to Chase's alleged acts and/or omissions.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff did not suffer any actual injury or damages.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to any recovery from Chase to the extent Plaintiff has failed to mitigate his damages, if any.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the calls alleged in the Complaint were made pursuant to Plaintiff's prior express consent and/or they were placed with a device that does not fall within the definition of an automated telephone dialing system, as that term is defined under 47 U.S.C. § 227 and interpreted by applicable case law, and/or they fall within those calls permitted by or otherwise constituting an exception to the Telephone Consumer Protection Act.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff is not the subscriber to the telephone number at issue.

### SEVENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff has suffered any damages, which Chase denies, they have been caused, in whole or in part, by the actions or omissions of other persons over which Chase had no control and for which Chase is not liable.

### EIGHTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff has suffered any damages, which Chase denies, they have been caused, in whole or in part, by Plaintiff's own actions or omissions.

### NINTH AFFIRMATIVE DEFENSE

Any right of recovery by Plaintiff against Chase, which Chase denies, shall be setoff in whole or in part by the amount of damages suffered by Chase as a result of Plaintiff's failure to honor his obligations to Chase for amounts owed to Chase as a result of overdrafts from his Chase checking account. Plaintiff's Chase checking account is subject to written terms and conditions which constitute a binding contract between Chase and Plaintiff. Chase has performed its obligations under this contract. Plaintiff has a liability to Chase, in a total amount to be proven at trial and no less than $296.97, as of the date of this filing, exclusive of prejudgment interest, costs, expenses, and attorneys' fees to which Chase may be entitled, and which continue to accrue. As a result, Chase is entitled to set off any amounts recovered by Plaintiff in this matter by the debt he owes to Chase as described herein.

### TENTH AFFIRMATIVE DEFENSE

In the alternative to Chase's Ninth Defense, Plaintiff is indebted to Chase by operation of law because an account was stated in writing for the amounts Plaintiff owed to Chase in the amount of $296.97, exclusive of prejudgment interest, costs, expenses, and attorney's fees to which Chase may be entitled, and which continue to accrue. As evidenced by the multiple, periodic statements Chase sent to Plaintiff in writing regarding the amounts Plaintiff owed Chase, and the lack of any proper objections thereto, Plaintiff agreed that he was liable to Chase. Chase has requested, yet Plaintiff has refused, to make payment for the balance owed. As such, Chase is entitled to set off any amounts recovered by Plaintiff in this matter by the debt he owes on the Accounts.

### ELEVENTH AFFIRMATIVE DEFENSE

In opening his Chase checking account, Plaintiff executed a Personal Signature Card and provided Chase with the (203) 928-8486 phone number. Pursuant to the express provisions of the Personal Signature Card, which created a binding contract between Plaintiff and Chase, by

providing Chase with that phone number, Plaintiff gave Chase permission to contact him at that number. To the extent Plaintiff claims he revoked consent for Chase to call him on his cellular phone using automatic telephone dialing systems and/or prerecorded messages (which Chase further denies), his purported revocation was not effective under the TCPA because it was a unilateral request contrary to the terms he mutually agreed upon with Chase in the Personal Signature Card. *Reyes v. Lincoln Automotive Fin. Servs.*, 861 F.3d 51 (2d Cir. 2017).

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff is further precluded from recovery to the extent that the allegedly wrongful conduct, if it occurred at all, resulted from a *bona fide* error.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent that allegedly wrongful conduct, if it occurred at all, complied with the provisions of the applicable F.C.C. regulations, including without limitation the safe harbor provisions of 47 C.F.R. § 64.1200.

### FOURTEENTH AFFIRMATIVE DEFENSE

Venue is improper in this District because Chase is not at home in this District and Plaintiff has not sufficiently alleged any action or inaction that allegedly took place within this District.

### FIFTEENTH AFFIRMATIVE DEFENSE

Following an opportunity to take discovery, Chase expressly reserves the right to assert such other and further defenses as may be appropriate, including without limitation, ratification, waiver, estoppel, unclean hands, and laches.

### **PRAYER FOR RELIEF**

WHEREFORE, Chase prays that:

1. the Complaint be dismissed with prejudice;

  2.  Plaintiff take nothing by way of his Complaint;

  3.  judgment be entered in favor of Chase and against Plaintiff on all claims in this matter;

  4.  Chase be awarded its costs and expenses, including all appropriate and reasonable attorneys' fees; and,

  5.  the Court awards such other and further relief as it deems appropriate and just.

June 4, 2021                Respectfully Submitted,

                    */s/ David J. Dirisamer*
                    David J. Dirisamer (0092125)
                    BARNES & THORNBURG LLP
                    41 South High Street, Suite 3300
                    Columbus, OH  43215
                    614-628-1451 (Office)
                    614-628-1433 (Facsimile)
                    David.Dirisamer@btlaw.com

                    *Attorney for Defendant JPMorgan Chase Bank, N.A.*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed with the Court on June 4, 2021 and served on all parties of record via the Court's CM/ECF system and on the below via regular U.S. Mail:

Jakub J. Madej
415 Boston Post Rd., Ste. 3-1102
Milford, CT 06460
*Plaintiff Pro Se*

                    */s/ David J. Dirisamer*
                    David J. Dirisamer