**FILED**

**UNITED STATES DISTRICT COURT**

JUN 24 2021

**FOR THE NORTHERN DISTRICT OF OHIO**

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO

**EASTERN DIVISION AT CLEVELAND**

CLEVELAND

| | |
|---|---|
| JAKUB MADEJ, | Case No. 21-cv-791 (JPC)(WHB) |
| Plaintiff, | |
| v. | **PLAINTIFF'S MOTION TO STRIKE INSUFFICIENT DEFENSES FROM DEFENDANT'S ANSWER** |
| JP MORGAN CHASE, N.A., | |
| Defendant. | Filed: June 22, 2021 |

In this factually uncomplicated individual TCPA case, defendant JP Morgan Chase N.A. (later "Chase") invokes fifteen blanket affirmative defenses that lack sufficient detail to provide fair notice of the defense claimed, fail to state sufficient facts to make the defense plausible, or are unavailable under the facts of this case. These defenses contaminate the pleadings: they obscure the issues Chase can genuinely dispute and adduce matters of no potential relevance in this simple case. Authentic points of contention should be set out in plain terms, not in a litany of boilerplate statements couched as defenses. The Court should excise them from Chase's answer.

— 1 —

# TABLE OF AUTHORITIES

### CASES

*Boldstar Tech. LLC v. Home Depot, Inc.*,
  517 F. Supp. 2d 1283, 1292 (S.D. Fla. 2007) .................................................6

*CTF Dev., Inc. v. Penta Hosp., LLC*,
  2009 WL 3517617, at *7 (N.D. Cal. Oct. 26, 2009) .....................................4

*Exclusively Cats Veterinary Hosp., P.C. v. Pharm. Credit Corp.*,
  No. 13-cv-14376, at *15 (E.D. Mich. Sep. 22, 2014) ...................................7

*Hayne v. Green Ford Sales, Inc.*,
  263 F.R.D. 647, 650 (D. Kan. 2009) ..............................................................5

*Lawrence v. Chabot*,
  182 F. App'x 442, 456 (6th Cir. 2006) .........................................................4

*Maker's Mark Distillery v. Spalding Grp.*,
  2020 WL 1430610, at *3 (W.D. Ky. Mar. 23, 2020) ....................................8

*Nixson v. The Health All.*,
  2010 WL 5230867, at *2 (S.D. Ohio Dec. 16, 2010) ...................................4

*Peters v. Credit Protection Ass'n LP*,
  2015 WL 1022031, at *4 (S.D. Ohio Feb. 19, 2015)...................................11

*Powell v. West Asset Management, Inc.*,
  773 F. Supp. 2d 761, 764 (N.D. Ill. 2011) ...................................................7

*Sec. People, Inc. v. Classic Woodworking, LLC*,
  2005 WL 645592, at *2 (N.D. Cal. Mar. 4, 2005) ........................................4

*St. the Plain Dealer Publ. Co. v. Cleveland*,
  75 Ohio St. 3d 31, 33 (Ohio 1996) ...........................................................6, 8

*U.S.S.E.C. v. Thorn*,
  2002 WL 31412440, at *2 (S.D. Ohio, Sept. 30, 2002) ...............................5

— 2 —

*Waste Mgmt. Holdings, Inc. v. Gilmore,*
    252 F.3d 316, 347 (4th Cir. 2001)...................................................................5

### STATUTES

28 U.S.C. § 1391(b)(1) .................................................................................11

47 U.S.C. § 227..........................................................................................4, 7

### OTHER AUTHORITIES

20 Am. Jur. 2d Counterclaim, Recoupment, Etc. § 6....................................9

Black's Law Dictionary (11th ed. 2019) ...................................................6, 7

*Note, Solving a Pleading Plague: Why Federal Courts Should Strike
    Insufficient Affirmative Defenses under the Twombly-Iqbal
    Plausibility Standard,* 61 Clev. St. L. Rev. 231 (2013) ..............................5

### RULES

Fed. R. Civ. P. 12(b)...................................................................................11

Fed. R. Civ. P. 12(b)(6) ................................................................................5

Fed. R. Civ. P. 8(b).................................................................................4, 10

### REGULATIONS

47 CFR § 64.1200 .......................................................................................10

## PROCEDURAL BACKGROUND

Plaintiff commenced this case on April 14, 2021, alleging that Chase placed at least 88 unauthorized phone calls to his phone number, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227. [Doc. No. 1]. On May 13, Chase appeared and asked for additional 21 days to respond. This request was granted. Chase filed its answer on June 4. [Doc. No. 5]. Plaintiff now asks the Court to strike certain defenses from that answer.

## THE LAW

Federal Rule of Civil Procedure 12(f) allows the court to strike insufficient, redundant, and immaterial defenses, which must be expressed in "short and plain terms". Fed. R. Civ. P. 8(b). A defense may be insufficient as a matter of pleading, or as a matter of law. *Sec. People, Inc. v. Classic Woodworking, LLC*, 2005 WL 645592, at *2 (N.D. Cal. Mar. 4, 2005) (noting the distinction).

An affirmative defense is insufficient as a matter of pleading if it doesn't give plaintiff "fair notice" of the defense, or fails to satisfy the applicable pleading standard (which may be higher). See *Lawrence v. Chabot*, 182 F. App'x 442, 456 (6th Cir. 2006); *CTF Dev., Inc. v. Penta Hosp., LLC*, 2009 WL 3517617, at *7 (N.D. Cal. Oct. 26, 2009) (striking 7 affirmative defenses). Courts found persuasive reasons to apply the plausibility standard of *Twombly* to affirmative defenses. *Nixson v. The Health All.*, 2010 WL 5230867, at *2 (S.D. Ohio Dec. 16, 2010). The rationale is to discourage defendants from asserting a panoply of boilerplate affirmative defenses (often fifteen or more) that have no relevance to the given case, to eliminate the potential high costs of discovery associated with such defenses, and to save time that would otherwise be spent in litigating issues which would not affect the

— 4 —

outcome of the case. See also *Note, Solving a Pleading Plague: Why Federal Courts Should Strike Insufficient Affirmative Defenses under the Twombly-Iqbal Plausibility Standard*, 61 Clev. St. L. Rev. 231 (2013). The majority of courts faced with this issue have found Iqbal and Twombly to apply to defenses, *Hayne v. Green Ford Sales, Inc.*, 263 F.R.D. 647, 650 (D. Kan. 2009), but the Sixth Circuit is yet to weigh in on this issue directly.

An affirmative defense is insufficient as a matter of law if it is "patently friv-olous" on the face of the pleading, "clearly invalid as a matter of law", or had no chance of success. See, e.g., *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 683 (M.D. Fla. 2002). Legally invalid defenses confuse the parties and the court and should be excised from the pleadings. *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001) (district court did not err in striking a purported affirmative defense); *U.S.S.E.C. v. Thorn*, 2002 WL 31412440, at *2 (S.D. Ohio, Sept. 30, 2002) (the motion to strike is proper if it "aids in eliminating spuri-ous issues before trial, thereby streamlining the litigation").

## POINTS AND AUTHORITIES

### A. Failure to state a claim.

Chase avers that the complaint "fails to set forth facts sufficient to state a claim against Chase." But Chase declines to reveal the defects it allegedly found in plaintiff's original pleading – let alone defects of sufficient important to defeat the complaint at this stage where the court must accept all factual allegations as true. Chase adduces no facts to its conclusion, and limits the analysis to one sen-tence. In effect, Chase's answer merely parrots the language of Rule 12(b)(6), and offers nothing more. This alleged defense cannot put plaintiff on "fair notice" of

— 5 —

the defense and, absent any specific facts, it cannot clear the *Twombly* hurdle, either.

Further, courts across the country generally found that failure to state a claim, even if alleged in sufficient detail, is not an affirmative defense. See, e.g., *Barnes v. AT&T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1174 (N.D. Cal. 2010) (failure to state a claim identifies a pleading deficiency and is not an affirmative defense); *Boldstar Tech. LLC v. Home Depot, Inc.*, 517 F. Supp. 2d 1283, 1292 (S.D. Fla. 2007) ("Failure to state a claim is a defect in the plaintiff's claim; it is not an additional set of facts that bars recovery notwithstanding the plaintiff's valid prima facie case.").

The Court should strike Chases' first defense.

## B.     Consent

An affirmative defense is a new matter which, assuming the complaint to be true, constitutes a defense to it. *St. the Plain Dealer Publ. Co. v. Cleveland*, 75 Ohio St. 3d 31, 33 (Ohio 1996). In other words, it is defendant's assertion of facts and arguments that, if true, will defeat the plaintiff's claim, *even if* all the allegations in the complaint are true. Black's Law Dictionary (11th ed. 2019). But this defense merely denies that plaintiff's allegations are true. Chase offers its brief statement: "Plaintiff consented", while the complaint alleged otherwise: plaintiff "did not consent … to these calls," and, in particular "he did not consent to them in writing". (para 16). It cannot be logically possible that plaintiff did consent and did not consent at the same time. This alleged defense should be dispensed with.

## C.     No actual damages

This defense, as stated, cannot succeed under the current complaint, which alleges concrete injury: invasion of privacy, incurred charges, reducing the cellular telephone time, and blocking plaintiff's voicemail. (para 20). By stating that "plaintiff did not suffer any actual injury or damages", Chase merely denies the allegations in the complaint, and does not offer any additional facts. This superfluous defense should be stricken.

### D.      Failure to mitigate damages

Chase says that plaintiff cannot recover damaged because he failed to mitigate them. This defense could only succeed if plaintiff was obligated to do so, that is, whether he had a duty to mitigate damages. The statute, 47 U.S.C. § 227, does not impose such a duty. It would be illogical for the statute to require the individual who receives numerous automatic calls to turn off her cellphone to mitigate the violator's potential damages. And neither have the courts impose such a duty, which find the defense of failure to mitigate damages inapplicable to private TCPA claims. *Powell v. West Asset Management, Inc.*, 773 F. Supp. 2d 761, 764 (N.D. Ill. 2011) (striking affirmative defense of failure to mitigate in private TCPA action and citing cases); *Exclusively Cats Veterinary Hosp., P.C. v. Pharm. Credit Corp.*, No. 13-cv-14376, at *15 (E.D. Mich. Sep. 22, 2014) (same). Chase cites no authority to support its claims to the contrary. This case is not a tort case, where the common law regularly imposes on a tort victim a duty to make reasonable efforts to limit losses. Black's Law Dictionary (11th ed. 2019). This case concerns a statutory violation. The mitigation defense is unavailable here as a matter of law, and should be deleted.

### E.      Compliance with TCPA

Chase believes it complied with TCPA because the violative calls "were placed with a device that does not fall within the definition of an automated telephone dialing system". This is merely a denial of plaintiff's claim that Chase has regularly used such a system. (para 15). It is not a defense, and Chase points to no authority for support. Neither does Chase articulate how the device it used is not an "automated telephone dialing system".

Chase also says that the violative calls "fall within those calls permitted by or otherwise constituting an exception to the Telephone Consumer Protection Act". This general statement is insufficient to appraise the plaintiff of the defense. To successfully invoke a defense, Chase must point the specific provision of the law that points in Chase's favor, and explain how that provision applies to this case. Plaintiff should not be forced to scour the heavy language of the statute for arguments in Chase's favor.

**F.      "Plaintiff is not the subscriber to the telephone number at issue."**

Here, Chase merely denies the allegation at para 11 in the complaint. Affirmative defenses require "a new matter". *Cleveland*, 75 Ohio St. 3d at 33, *supra*. By inaccurately characterizes this denial as a defense, Chase unnecessarily contaminates the pleadings. *Maker's Mark Distillery v. Spalding Grp.*, 2020 WL 1430610, at *3 (W.D. Ky. Mar. 23, 2020) (finding general denials to the complaint improperly characterized as defenses "meaningless"). The Court should strike that denial.

**G.      Other parties responsible**

Chase asserts that "other persons' [actions or omissions]" caused the damages to plaintiff but provides no details of what specifically the alleged actions or

— 8 —

omissions were, or who was responsible. Plaintiff cannot respond in any meaningful way to a statement so general, and neither should it entitle Chase to broad discovery in search of the anonymous "violators". This defense fails under the "fair notice" standard; plaintiff cannot discern from this statement what defense Chase actually claims. Striking is unavoidable.

## H.    Plaintiff's own acts or omissions

Chase claims that it any damages were caused by "Plaintiff's own actions or omissions". Arguments set forth in the previous paragraph apply here with equal force. Chase's statements that plaintiff himself is responsible lack any sufficient detail to put plaintiff on notice. *A fortiori*, they cannot state sufficient facts to make the defense plausible. They should be stricken.

## I.    Set-off

Chase asserts that Plaintiff owes it $296.97, and hopes to "set off any amounts recovered by Plaintiff in this matter by the debt he owes on the Accounts". Setoff is a contractual defense that "allows entities that owe each other money to apply their mutual debts against each other". 20 Am. Jur. 2d Counterclaim, Recoupment, Etc. § 6. This device "avoid[s] the absurdity of making A pay B when B owes A". *Id*.

Plaintiff doesn't allege that Chase owes him any money, and the complaint raises no contractual claims. Rather, plaintiff seeks recovery for Chase's violation of the federal statute. The doctrine of setoff has no applicability here, and cannot succeed. It should be stricken.

## J.    Indebtedness to Chase

— 9 —

This defense is substantially identical to the set-off defense above. It is insufficient for the same reasons, and should likewise be stricken.

## K.  Bona fide error

This defense is neither well-pled not legally available. The TCPA statute doesn't distinguish good faith from bad faith violations. In other words, the party's subjective intent is irrelevant to establish liability under the statute. Nor does Chase doesn't point to any specific provision of the law to the contrary. And, in any case, Chase does not articulate in any detail what the *bona fide* error" might be: who, when, and how committed it; how was it *bona fide*; and on what ground would this error absolve Chase from liability. This barebones statement doesn't satisfy the "fair notice" requirement of Rule 8(b) – it doesn't put plaintiff on notice of Chase's actual defense. This insufficient defense should be deleted.

## L.  Compliance with FCC Regulations

This defense – that Chase complied with the FCC regulations – are mere denials of plaintiff's claims. As such, it is not a proper affirmative defense. And to the extent Chase believes it complied with some "safe harbor provisions of 47 CFR § 64.1200", it should be required to cite the precise provision it hopes to benefit from, and explains how it applies to this case. Plaintiff should not be forced to guess what specific provision Chase claims in its defense, or how that provision might work in Chase's favor. This is doubly true when § 64.1200 contains 14 subsections, almost all with multiple paragraphs and subparagraphs. And none, on its face, establishes a "safe harbor" provision.

— 10 —

## M.     Improper venue

Chase says that venue is improper in this District because Chase is "not at home in this District" and "Plaintiff has not sufficiently alleged any action or inaction that allegedly took place within this District". As a threshold issue, Chase's answer seeks to apply an incorrect standard for venue. A civil action may be brought in "a judicial district in which any defendant resides," not only "at home". 28 U.S.C. § 1391(b)(1). It is Chase's burden to challenge the venue, if it believes the Northern District is not an appropriate one. And, regardless, Chase's answer doesn't plead sufficient facts to make the venue defense plausible. This defense, as currently stated, is legally insufficient and must be stricken.

## N.     Reservation of rights

Chase tries to reserve a right to assert further defenses in the future. Generally, one cannot reserve a right it does not have. And Chase doesn't have a blanket right to assert another defenses later on. Adding any defenses would require leave of court under Rule 15. Such a request would be judged under appropriate standards, including the limitations set forth in Rule 12(b) and (h). Chase cannot avoid the requirements of Rule 15 by making any "magic" statement now. Courts generally found this "reservation of rights" statement a legal nullity. *Peters v. Credit Protection Ass'n LP*, 2015 WL 1022031, at *4 (S.D. Ohio Feb. 19, 2015) (striking such a "reservation of rights"). This Court should strike it as well.

## <u>CONCLUSION</u>

Chase's affirmative defenses, as explained above, should be stricken with prejudice.

Respectfully submitted,

Dated:   June 22, 2021             By: <u>/s/ Jakub Madej</u>
                                       Jakub J. Madej (in person)
                                       THE TEMPORARY OFFICES OF JAKUB MADEJ
                                       415 Boston Post Rd, Ste 3-1102
                                       Milford, CT 06460
                                       T: (203) 928-8486
                                       F: (203) 902-0070
                                       E: j.madej@lawsheet.com

PLAINTIFF'S MOTION TO STRIKE INSUFFICIENT DEFENSES FROM DEFENDANT'S ANSWER
CASE NO. 21-CV-791 (JPC)(WHB)

## CERTIFICATE OF SERVICE

I certify under penalty of perjury that on June 22, 2021, I sent the foregoing Motion by priority mail to the Clerk of Court, and to counsel for Chase by e-mail. Counsel will receive a notice of electronic filing (NEF) from the Court's CM/ECF e-filing system as well.

/s/ Jakub Madej

PLAINTIFF'S MOTION TO STRIKE INSUFFICIENT DEFENSES FROM DEFENDANT'S ANSWER
CASE NO. 21-CV-791 (JPC)(WHB)