**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| Jakub Madej, Plaintiff, | ) | Case No. 1:21-cv-791 |
| v. | ) | Judge Calabrese |
| JPMorgan Chase N.A., Defendant. | ) | Magistrate Judge Baughman |

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES**

Defendant JPMorgan Chase Bank, N.A. ("Chase") alleged common affirmative defenses in a manner in which such defenses are routinely alleged and Plaintiff seeks to strike nearly all of them. There is no basis to do so. Plaintiff's Motion to Strike Insufficient Defenses from Defendant's Answer, ECF No. 6 (the "Motion to Strike"), is a "drastic action" because defendants face a heavy burden to "plead any and all defenses within weeks of receipt of a complaint…" *Jam Tire, Inc. v. Harbin*, No. 3:14-cv-00489, 2014 WL 4388286, *4, *5 (N.D. Ohio Sept. 5, 2014). There is no basis for such a drastic action here as to Chase's routine allegation of applicable affirmative defenses.

## I. Applicable Legal Standard

Courts may strike "any insufficient defense or any redundant, immaterial, impertinent or scandalous matter" from a pleading. Fed. R. Civ. P. 12(f). Courts hold that "[a]llegations in a pleading are immaterial if they have no essential or important relationship to the claim and are impertinent if they do not pertain, and are not necessary to the issues in question." *U.S. Diamond & Gold v. Julius Klein Diamonds LLC*, No. C-03-06-371, 2007 WL 1026421, at *11 (S.D. Ohio Mar. 29, 2007) (internal citation omitted). As to insufficiency, "a Rule 12(f) motion should not

be granted if the insufficiency of the defense is not clearly apparent, or if it raises factual issues that should be determined on a hearing on the merits." *Hahn v. Best Recovery Services, LLC*, No. 10-12370, 2010 WL 4483375, at *2 (E.D. Mich. Nov. 1, 2010) (internal citation omitted). Furthermore, a motion to strike should only be used only when the pleadings contain material which, "if left in the record, would prejudice the moving party." *Jam Tire*, 2014 WL 4388286, *5.

The touchstone of an affirmative defense is that it provides fair notice to the plaintiff. *Lawrence v. Chabot*, 182 Fed.Appx. 442, 456-457 (6th Cir. 2006) (the defense that "Plaintiffs' claims are barred by the doctrine of res judicata" sufficiently did so). This "does not require the district court to count the lines of text that an invoked defense uses…" *Id.* at 457. Plaintiff cites a case from the Southern District of Ohio that applied the *Twombley*/*Iqbal* standard to defenses, but that court and this Court have thereafter refused to apply *Twombley*/*Iqbal* to defenses. *High 5 Sportswear, Inc. v. High 5 Gear, Inc.*, No. 3:15-cv-00401, 2016 WL 4126518, at *3 (S.D. Ohio Aug. 3, 2016) (noting that *Twombley* and *Iqbal* "focused exclusively on the pleading burden that applies to plaintiffs' complaints.") (internal citation omitted); *M&C Holdings Delaware, Partnership v. Great American Ins. Co.*, No. 1:20-cv-121, 2021 WL 21447, at *4 (S.D. Ohio Jan. 4, 2021) adopted by 2021 WL 426421; *Revocable Living Trust of Stewart I v. Lake Erie Utilities Co.*, No. 3:14-cv-2245, 2015 WL 2097738, at *4 (N.D. Ohio May 5, 2015). While the Sixth Circuit has not yet decided the issue, it maintains that "[a]n answer is no place to lay out the detailed basis for a Rule 12(b) defense..." *King v. Taylor*, 694 F.3d 650, 657 (6th Cir. 2012) (defendants must "make" certain defenses in a motion, but simply "include" them in answers).

The *Twombley*/*Iqbal* standard for allegations in a complaint should not be applied to the allegations of a defense. Fed. R. Civ. P. 8(a)(2), at issue in *Twombley* and *Iqbal*, provides that a

claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). On the other hand, Fed. R. Civ. P. 8(c)(1) requires only that, to assert a defense, a party "affirmatively state any avoidance or affirmative defense…" Fed. R. Civ. P. 8(c)(1). These are different standards, with the standard for affirmative defenses explicitly less stringent, and *Twombley* and *Iqbal* did not change that.

## II. Law and Argument

### a. There is No Basis to Strike Chase's Affirmative Defense that Plaintiff Failed to State a Claim

Failure to state a claim is a recognized defense under Fed. R. Civ. P. 12(b)(6) which is waived if not asserted in an answer or pre-answer motion. *Id.*; Fed. R. Civ. P. 12(b); Fed. R. Civ. P. 12(h). Furthermore, Fed. R. Civ. P. 12(h)(2) specifically provides that "[f]ailure to state a claim upon which relief can be granted … may be raised (A) in any pleading allowed or ordered by Rule 7(a)…" which would include an answer. *M&C Holdings*, 2021 WL 21447, at *4 (S.D. Ohio Jan. 4, 2021) (internal citation omitted). As a result, this Court, and others within the Sixth Circuit, regularly find that this is a valid defense, just as Chase alleged it. *Jam Tire*, 2014 WL 4388286, at *1, *3; Answer, ECF No. 5, at 9 (First Affirmative Defense); *see also M&C Holdings*, 2021 WL 21447, at *1, *4; *Dynasty Apparel Indus. Inc. v. Rentz*, 206 F.R.D. 603, 607 (S.D. Ohio 2002); *Hughes v. Lavender*, No. 2:10-cv-674, 2011 WL 2945843, at *4 (S.D. Ohio July 20, 2011). Plaintiff's authority on this point, from outside the Sixth Circuit, does not compel a different result. Motion to Strike, at 6.

### b. There is No Basis to Strike Chase's Consent Defense

Plaintiff's argument regarding this defense ignores the alleged facts of Plaintiff's consent to be called and ignores explicit authority from this Court. In Chase's Answer to Plaintiff's Complaint, which seeks to hold Chase liable under the Telephone Consumer Protection Act

("TCPA") for calling him using an Automatic Telephone Dialing System ("ATDS") without his consent, Chase repeatedly stated that Plaintiff's alleged phone number in the Complaint, (203) 928-8486, "is a phone number which Mr. Madej provided to Chase and represented was his phone number…" *See e.g.* Answer, ¶ 25. Courts have held providing a phone number to a creditor, without more, is consent to be called. *Baisden v. Credit Adjustments, Inc.*, 813 F.3d 338, 344 (6th Cir. 2016) ("a person gives his prior express consent under the TCPA if he gives a company his number before it calls him.") (internal citation omitted). Chase's allegation that Plaintiff provided the phone number to Chase is more than enough to support Chase's affirmative defense on this point. In addition, this Court has noted that, under the TCPA, express consent to be contacted is "an affirmative defense" to be raised by the defendant. *Rodriguez v. Premier Bankcard, LLC*, No. 3:16-cv-2541, 2018 WL 4184742, at *3 (N.D. Ohio Aug. 31, 2018) (internal citation omitted). Without conceding this point, it is thus proper to plead lack of consent as a defense to avoid waiver. There is no basis to strike this defense.

**c. There is No Basis to Strike Chase's Lack of Actual Damages Defense**

Plaintiff offers no authority to support his argument to strike this defense. *See generally* Motion to Strike. Plaintiff moves to strike this defense solely because he claims it is a denial of allegations in the Complaint, rather than a defense. *Id.* at 7. However, Chase's defense is more than just a denial of Plaintiff's factual allegations. It also establishes Chase's position that, even if Plaintiff proves his factual allegations of his purported actual damages, which Chase denies, the allegations are insufficient to entitle him to actual damages.

TCPA damages are limited to "actual monetary loss" per violation, or $500 in statutory damages per violation, "whichever is greater…" 47 U.S.C. § 227(b)(3)(B). Plaintiff improperly seeks statutory damages and actual damages. Complaint, p. 10 (Prayer for Relief). Even if

Plaintiff were to prove liability, which Chase disputes, Plaintiff will be unable to prove actual damages greater than statutory damages, and will thus be limited to statutory damages. Finally, even if this defense is a denial and not a defense, it is clear that courts need not scrutinize whether defenses are denials, and even if a defense is in fact a denial, striking it is not the appropriate remedy, because allowing such a defense to stand would not prejudice the plaintiff and, whether a denial or a defense, these are "legitimate matters that will be the subject of proofs at trial." *Ameriwood Industries Intern. Corp. v. Arthur Andersen & Co.*, 961 F.Supp. 1078, 1086 (W.D. Mich. 1997); *see also Maker's Mark Distillery, Inc. v. Spalding Group, Inc.*, No. 3:19-cv-00014, 2020 WL 1430610, at *3 (W.D. Ky. Mar. 23, 2020).

**d. There is No Basis to Strike Chase's Defense for Failure to Mitigate Damages**

As mentioned above, while the TCPA provides for statutory damages, Plaintiff also seeks actual damages. Complaint, at 10 (Prayer for Relief). As a result, failure to mitigate damages is an appropriate defense. Plaintiff's cases on this point granted motions to strike such a defense in response to TCPA claims that sought only statutory damages. Motion to Strike, at 7; *Powell v. West Asset Management, Inc.*, 773 F.Supp.2d 761, 763-764 (N.D. Ill. 2011) ("Plaintiff seeks statutory damages…The TCPA does not expressly include a duty of callees to mitigate the statutorily-prescribed damages…"); *Exclusively Cats Veterinary Hosp., P.C. v. Pharmaceutical Credit Corp.*, No. 13-cv-14376, 2014 WL 4715532, at *6 (E.D. Mich. Sept. 22, 2014) ("it is clear from the complaint that plaintiff seeks only the statutory damages…"). On the other hand, when, as here, a plaintiff seeks actual damages and statutory damages, courts permit such a defense. *Glover v. Mary Jane M. Elliott, P.C.*, No. 1:07-cv-648, 2007 WL 2904050, at *3 (W.D. Mich. Oct. 2, 2007) ("Although failure to mitigate is not a defense to an award of statutory damages, it may be a defense to a claim for actual damages."); *see also Nadeau v. Experian*

*Information Solutions, Inc.*, No. 20-cv-1841, 2020 WL 7396588, at *5 (D. Minn. Dec. 17, 2020) (allowing such a defense in Fair Credit Reporting Act ("FCRA") case).

**e. There is No Basis to Strike Chase's Defense That It Complied with the TCPA**

Once again, Plaintiff offers no specific authority to support striking this defense. Again, Plaintiff argues that this is a denial, not a defense, but, even if true, that is not grounds to strike the defense. Motion to Strike, at 8. In addition, this defense is not merely a denial of Plaintiff's factual allegations concerning Chase's telephones, but also an assertion that, even if Plaintiff's factual allegations are true, he would still fail to prove that Chase used an ATDS.

The United States Supreme Court recently held that "Congress' definition of an autodialer requires that in all cases, whether storing or producing numbers to be called, the equipment in question must use a random or sequential number generator." *Facebook v. Duguid*, 141 S. Ct. 1163, 1170 (2021). This decision explicitly rejected a contrary argument that an ATDS need only having the capacity to store numbers to be called and to dial those numbers automatically. *See generally Id.* Plaintiff's Complaint contains no allegation of the use of a random or sequential number generator, and alleges only that "Chase operated an automatic telephone dialing system capable of storing a random and sequential number." Complaint, ¶ 25. Based on *Facebook*, even if true, this is insufficient to demonstrate Chase used an ATDS, and is the basis of Chase's defense. This, particularly when coupled with Chase's allegations of Plaintiff's consent and the fact that Chase did not use an ATDS, give Plaintiff fair notice of Chase's arguments. Answer, at 10 (Fifth Affirmative Defense).

**f. There is No Basis to Strike Chase's Defense that Plaintiff is Not the Subscriber**

Plaintiff's only argument for this defense is that Chase "inaccurately characterizes this denial as a defense…" and that, as a result, it should be stricken. Motion to Strike, at 8. However,

the very authority cited by Plaintiff refused to strike a defense on this basis. *Id.*, at 8; *Maker's Mark Distillery, Inc. v. Spalding Group, Inc.*, No. 3:19-cv-00014, 2020 WL 1430610, at *3 (W.D. Ky. Mar. 23, 2020). Furthermore, while Plaintiff alleges he is the subscriber of a phone number referenced in the Complaint, it is not clear that he will limit his claims to that phone number, as he has indicated an intent to amend the Complaint. Complaint, ¶ 13. It is appropriate for Chase to raise this defense and preserve its rights.

**g. There is No Basis to Strike Chase's Defense That The Actions or Omissions of Others or Plaintiff Caused Plaintiff's Damages**

Plaintiff seeks to impose an obligation on Chase beyond what is required of Chase to raise a defense. Plaintiff complains that Chase fails to provide "details of what specifically the alleged actions or omissions were, or who was responsible." Motion to Strike, at 9-10. However, this is not required. *King*, 694 F.3d at 657 (detail not required for defenses in answer); *Hahn*, 2010 WL 4483375, at *2 ("whether there is a factual bases for Best Recovery's affirmative defenses should be addressed during the discovery process and not through a motion to strike or a motion for judgment on the pleadings."). Furthermore, such details are impossible given that Plaintiff has alleged "at least 88 separate phone calls" and that Chase purportedly called him "from several numbers, including (614) 890-1025 and (614) 890-1204" and reserves the right to amend the Complaint. Complaint, ¶¶ 12, 13, 25. Plaintiff does not limit himself to a set number of phone calls, or calls from certain phone numbers, and thus Chase cannot know the extent of the calls for which Plaintiff will seek to hold Chase liable. In light of the breadth of Plaintiff's allegations, Chase's defenses are thus appropriate.

**h. There is No Basis to Strike Chase's Set-off or Indebtedness Defenses**

Plaintiff argues that setoff "is a contractual defense" which is not applicable because he "raises no contractual claims[.]" but this is not the case. Motion to Strike, at 9. In fact, courts

have denied motions to strike setoff as a defense to consumer protection statutes, including the FCRA. *Estrada Rabelo v. Equifax Information Services, LLC*, No. 2:19-cv-849, 2020 WL 2615524, at *2 (M.D. Fla. May 22, 2020). Courts have consistently held that setoff "is an affirmative defense which must be pled and proven by the party asserting it." *First Nat. Bank of Louisville v. Hurricane Elkhorn Coal Corp. II*, 763 F.2d 188, 190 (6th Cir. 1985). The right to setoff "allows entities that owe each other money to apply their mutual debts against each other…" *Citizens Bank of Maryland of Strumpf*, 516 U.S. 16, 18 (1995). A failure to plead setoff as a defense results in the waiver of the defense. *General Elec. Co. v. S & S Sales Co.*, No. 1:11cv00, 2013 WL 174559, at *3 (N.D. Ohio Jan. 16, 2013). Chase asserted setoff as a defense to preserve its rights, as is appropriate. This defense should stand.

**i. There is No Basis to Strike Chase's Bona Fide Error Defense**

Plaintiff claims only that the TCPA "doesn't distinguish good faith from bad faith violations[]" ignoring his own allegations that Chase "willfully and knowingly violated [the] TCPA" and his resulting claim for treble damages under the TCPA. Motion to Strike, at 10; Complaint, ¶ 24. This puts Chase's intent at issue. Courts have held that "a willful or knowing violation of TCPA requires that Plaintiff has to plead that Defendant was made aware of/and or notified that Plaintiff did not consent to calls from Defendant." *Duchene v. Onstar, LLC*, No. 15-13337, 2016 WL 3997031, at *7 (E.D. Mich. July 26, 2016). Chase denies Plaintiff's allegations concerning his lack of consent, but also asserts Plaintiff will be unable to show a willful or knowing violation because, if any violation is shown, it would be the result of a bona fide error.

**j. There is No Basis to Strike Chase's Defense that it Complied with FCC Regulations**

Plaintiff again criticizes this defense as a denial rather than a defense, and for failing to include the level of detail Plaintiff argues is required. Motion to Strike, at 10. As explained herein,

neither is a valid basis to strike a defense. 47 CFR § 64.1200(a)(1)(iii) includes a codification of the TCPA's restriction on non-consensual calls using an ATDS to a cellular phone. This is a defense because, once again, Chase denies Plaintiff's factual allegations concerning Plaintiff's consent and Chase's use of an ATDS, and also that, even if Plaintiff's factual allegations were true, that would prove the use of any ATDS. In addition, this provision includes several exceptions to liability, including when the caller did not know the number called was a cell phone. 47 CFR § 64.1200(a)(1)(iv). This is an appropriate defense given the breadth of the allegations in the Complaint, which are not limited to a set number of calls or calls from specified phone numbers, and Plaintiff's statement that he intends to amend the Complaint to add additional calls.

**k. There is No Basis to Strike Chase's Improper Venue Defense**

Plaintiff's argument on this point rests on two incorrect premises. First, Plaintiff claims that "[i]t is Chase's burden to challenge the venue, if it believes the Northern District is not an appropriate one[.]" suggesting that Chase must do something more than plead improper venue as a defense in its answer to raise the defense. Motion to Strike, at 11. This is wrong. Improper venue is a defense which may be asserted by motion or in a responsive pleading. Fed. R. Civ. P. 12(b); Fed. R. Civ. P. 12(h)(1). Second, Plaintiff seeks to have this Court consider the merits of Chase's improper venue defense in ruling on the Motion to Strike. Motion to Strike, at 11. This too is wrong. *See e.g. Hahn*, 2010 WL 4483375, at *2. Chase's assertion of the defense is proper and should stand.

**l. There is No Basis to Strike Chase's Reservation of Rights to Assert Additional Defenses Based on Discovery**

Plaintiff's arguments that the Court should strike Chase's reservation of rights is contrary both to authority from this Court and to common sense. As this Court has noted, "because courts have declined to strike a reservation of right to assert additional defenses at the conclusion of

discovery," this Court has refused to strike a reservation of the right to assert additional defenses. *Revocable Living Trust of Stewart*, 2015 WL 2097738, at *5 (N.D. Ohio May 5, 2015). In addition, Plaintiff seeks to hold Chase liable for "at least 88 separate calls" and expressly reserves the right to amend his Complaint to add additional calls. Complaint, ¶¶ 13, 25. As a result, it would be incongruous not to allow Chase to reserve the right to assert additional defenses. This defense is proper and should stand.

**m. The Court Should Not Strike Any Defense With Prejudice**

At bottom, when courts do grant motions to strike defenses, as shown by Plaintiff's own authority, it is without prejudice. *See e.g. Nixson v. The Health Alliance*, No. 1:10-cv-00338, 2010 WL 5230867, at *3 (S.D. Ohio Dec. 16, 2010). The Court should not strike any defenses with prejudice and provide Chase an opportunity to amend any affirmative defense, if necessary.

## III. Conclusion

For the foregoing reasons, the Court should deny Plaintiff's Motion to Strike in its entirety.

July 6, 2021

Respectfully Submitted,

*/s/ David J. Dirisamer*

David J. Dirisamer (0092125)
BARNES & THORNBURG LLP
41 South High Street, Suite 3300
Columbus, OH 43215
614-628-1451 (Office)
614-628-1433 (Facsimile)
David.Dirisamer@btlaw.com
*Attorney for Defendant JPMorgan Chase Bank, N.A.*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was filed with the Court on July 6, 2021 and served on the below via regular U.S. Mail:

Jakub J. Madej
415 Boston Post Rd., Ste. 3-1102
Milford, CT 06460
*Plaintiff Pro Se*

*/s/ David J. Dirisamer*
David J. Dirisamer