# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| Jakub Madej, | ) | Case No. 1:21-cv-791 |
| | ) | |
| Plaintiff, | ) | |
| | ) | Judge Calabrese |
| v. | ) | |
| | ) | Magistrate Judge Baughman |
| JPMorgan Chase N.A., | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT JPMORGAN CHASE BANK, N.A.'S PROPOSED RULE 26(f) REPORT

This Proposed Report is submitted solely on behalf of Defendant JPMorgan Chase Bank, N.A. ("Chase") as explained in the Notice filed herewith.

1. **26(f) Meeting.** Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Rule 16.3, a meeting was held on June 18, 2021, and attended by:

    Jakub Madej, Plaintiff;

    and

    David Dirisamer, counsel for Chase

2. **Initial Disclosures.** Chase proposes that the parties:

    __ have exchanged the pre-discovery disclosures required by Federal Rule of Civil Procedure 26(a)(1) and the Court's prior order;

    _X_ will exchange such disclosures by July 12, 2021;

    __ have not been required to make initial disclosures.

3. **Track.** Chase proposes the following track for this matter:

    _X_ Standard          __ Expedited          __ Complex

    __ Administrative          __ Mass Tort

4. **Alternative Dispute Resolution.** Chase's position is that this matter:

    __ is *presently suitable* for alternative dispute resolution ("ADR") and recommend the following

1

method:

  \_\_ Early Neutral Evaluation  \_\_ Mediation

  \_\_ Arbitration       \_\_ Summary Jury Trial

  \_\_ Summary Bench Trial

 X   is *not presently suitable* for ADR, but may be after some discovery.

If the parties believe this matter is not presently suitable for ADR, please describe what discovery would be necessary before ADR may be appropriate:

  Chase believes discovery as to Plaintiff's consent to be called by Chase would be appropriate before ADR.

\_\_  is *not suitable* for ADR at any time.

If the parties believe this matter is not and will not be suitable for ADR at any time, please explain:

5. **Consent to Magistrate.** The parties **DO NOT** consent to the jurisdiction of a United States Magistrate Judge under 28 U.S.C. § 636(c).

6. **Electronically Stored Information.** Chase's position is that the parties:

\_\_  agree that there will be no discovery of electronically-stored information;

 X   should agree to a method for conducting discovery of electronically-stored information, which they will submit to the Court for entry. Specifically, Chase's position is that this case will not require extensive productions of electronically-stored information by the parties and therefore does not require application of the default standard for discovery of electronically-stored information found in Appendix K to the Local Rules. In general, Chase's position is that the parties should produce documents in hard copy or in .pdf or .TIFF format, or in native format provided that any application required to use or read the native format is reasonably available to all parties.; or

\_\_  have agreed to follow the default standard for discovery of electronically-stored information found in Appendix K to the Local Rules

7. **Recommended Discovery Plan.** Please describe, in detail, the subjects on which discovery is likely to be sought, as well as the nature and extent of that anticipated discovery:

Chase's recommended discovery plan is that an initial phase of discovery should be limited to Plaintiff's consent to be called by Chase, and that the case will be ripe for resolution by dispositive motion on that issue thereafter. Chase anticipates serving limited written discovery on this issue and, though Chase does not presently intend to take depositions on that issue, Chase reserves the right to

2

do so. To the extent the case is not resolved on that issue, Chase anticipates taking discovery on the factual basis for Plaintiff's allegations that Chase used an Automatic Telephone Dialing System ("ATDS") to contact him.

8. **Claims of Privilege or Protection.** Chase's position is that the parties have discussed issues regarding information protected by attorney-client privilege and work-product doctrine:

 _X_ Yes  __ No

Chase's position is that the parties should agree to a procedure to assert these claims, or any other agreement, under Rule 502 of the Federal Rules of Evidence:

 _X_ Yes  __ No

   Specifically, Chase's position is that the parties should agree to assert all claims of attorney-client privilege and/or the work-product doctrine under Fed. R. Civ. P. 26 and Fed. R. Evid. 502.

Chase believes that the parties can agree on a procedure to assert claims of privilege or protection after production:

 _X_ Yes  __ No

   Chase's position for the assertion of such claims is that: information that contains privileged information or attorney-work product should be immediately returned if the documents appear on their face to have been inadvertently produced or if there is notice of the inadvertent production within thirty (30) days of such. In all other circumstances, Fed. R. Civ. P. 26(b)(5)(B) should apply.

Chase's position is that this Court should enter an order pursuant to Rule 502(d) that attorney-client privilege or work-product protection is not waived by disclosure connected to this matter pending before this Court, and further that any such disclosure does not operate as a waiver in any other federal or state proceeding:

 _X_ Yes  __ No

If the parties do not believe the Court should enter an order pursuant to Rule 502(d), please explain:

9. **Protective Order.** The parties have discussed whether the Court should enter a protective order to facilitate discovery:

 _X_ Yes  __ No

Chase believes that the Court should enter a protective order in this case:

X_ Yes

__ No

3

__ Not at this time, but possibly later

__ The parties disagree

Chase agrees to follow the form protective order found in Appendix L to the Local Rules:

        <u>X</u>   Yes                 __ No

If not, please explain what variations to the form protective order found in Appendix L are needed:

10. **Proposed Dates.** Chase proposes the following dates for this matter:

Cut-off Date to Amend Pleadings: <u>August 18, 2021</u>

Cut-off Date to Add Additional Parties: <u>August 18, 2021</u>

Motions Directed at the Pleadings Deadline: <u>September 17, 2021</u>

Phase 1 Fact Discovery Deadline (as to Plaintiff's consent to be called only): <u>October 22, 2021</u>

Phase 1 Dispositive Motion Deadline (as to Plaintiff's consent to be called only): <u>November 15, 2021</u>

Deadline for Phase 2 Fact Discovery (all other issues, if necessary): <u>April 1, 2022</u>

Phase 2 Dispositive Motion Deadline (all other issues, if necessary): <u>June 24, 2022</u>

Expert Discovery Cut-off: <u>May 27, 2022</u>

Initial Expert Report(s) Due: <u>April 15, 2022</u>

Rebuttal Expert Report(s) Due: <u>May 6, 2022</u>

Status Conference: <u>September 15, 2022</u>

11. **Other Matters.** If there are other matter the parties would like to bring to the Court's attention, please do so here:

    N/A

Respectfully Submitted,

*/s/ David J. Dirisamer*___

David J. Dirisamer (0092125)
BARNES & THORNBURG LLP
41 South High Street, Suite 3300
Columbus, OH  43215
614-628-1451 (Office)
614-628-1433 (Facsimile)
David.Dirisamer@btlaw.com
*Attorney for Defendant JPMorgan
Chase Bank, N.A.*

Date: July 7, 2021

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was filed with the Court on July 7, 2021 and served on the below via regular U.S. Mail:

Jakub J. Madej
415 Boston Post Rd., Ste. 3-1102
Milford, CT 06460
*Plaintiff Pro Se*

*/s/ David J. Dirisamer*
David J. Dirisamer