# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT CLEVELAND

| | |
|---|---|
| JAKUB MADEJ,<br>    Plaintiff,<br>v.<br>JP MORGAN CHASE N.A.,<br>    Defendant. | Case No. 1:21-cv-00791<br><br>Judge J. Philip Calabrese<br><br>Magistrate Judge Baughman, Jr. |

## RULE 26(f) REPORT – PLAINTIFF'S POSITION

On July 7, after failing to respond to repeated letters (attached to this report) inquiring about pre-discovery matters including ESI, and without prior notice, the defendant submitted its own Rule 26(f) report. The following is meant to appraise the Court of plaintiff's position in advance of the Rule 16 conference set for 11:00 am on July 14, 2021.

1. **26(f) Meeting**. Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Rule 16.3, a meeting was held on June 18, 2021, and attended by:

   Jakub Madej, plaintiff appearing in person; and
   David Dirisamer, counsel for Defendant J.P. Morgan Chase, N.A.

2. **Initial Disclosures**. Plaintiff has served his initial disclosures on July 8, 2021. Defendant has served its disclosures on July 12.

3. **Track**. Plaintiff believes that the standard track is appropriate. Because this is a factually simple individual TCPA case with clear issues of law, a fixed amount of damages, and a short expected trial time (max. 2 days), plaintiff would not object to the expedited track, in particular if the issues in dispute are narrowed with the pending motion to strike irrelevant material from defendant's answer.

4. **Alternative Dispute Resolution**. Plaintiff believes this case will be suitable for ADR as soon as Chase responds to outstanding discovery requests.

5.  **Consent to Magistrate**. The defendant **DOES NOT** consent to the jurisdiction of a United States Magistrate Judge under 28 U.S.C. § 636(c).

6.  **Electronically Stored Information**. Virtually all discoverable information into which plaintiff seeks discovery is electronically stored. In fact, it is inconceivable that any records relevant to this case are kept in paper format. The default standard for discovery of electronically stored information found in Appendix K to the Local Rules is not only appropriate but also necessary to discourage wasteful pretrial discovery disputes and provide for an orderly production of ESI. The need for this otherwise "default" standard is further bolstered by Chase's failure to identify likely custodians of ESI, relevant systems where data is stored, document retention policies, and its e-discovery coordinator in advance of the conference, as called for by Appendix K, ¶ 2, or by Chase's suggestions that documents be produced in hard copy.

    For the avoidance of doubt, parties have <u>not</u> agreed to a method for conducting discovery of electronically stored information, and the defendant declined to discuss the topic of ESI both at the telephonic conference and after the conference. Plaintiff has no knowledge about the extent of Chase's compliance with its preservation obligations.

7.  **Recommended Discovery Plan**. Plaintiff will seek discovery on the following topics:

    ①  When and how did Chase communicate with plaintiff by phone: how many times; using what numbers; for what purpose; who decided to place these calls; how they were made; the extent of human effort exerted in the process; what software was used; what message was played; etc.
    ②  How does Chase generally communicate with its retail customers by phone: does it use automated devices and prerecorded messages; what is the technical nature of such devices; what kind of human effort is involved in operating them; etc.
    ③  Whether Chase complies with TCPA: does Chase have a Do Not Call policy; how does it train its employees regarding compliance with the Act; etc.
    ④  Whether Chase willfully or knowingly violated TCPA.

2

Plaintiff has served early Rule 34 discovery request on Chase's counsel on June 11, 2021, and interrogatories on July 8, 2021.

8. **Claims of Privilege or Protection**. Parties have not discussed in any meaningful detail issues regarding information protected by attorney-client privilege and work-product doctrine. The parties have <u>not</u> agreed to any procedure to assert these claims, nor have they reached any other agreement, under Rule 502 of the Federal Rules of Evidence. Plaintiff is willing to stipulate that electronically stored information that contains privileged information or attorney-work product shall be returned if the documents appear on their face to have been inadvertently produced.

9. **Protective Order**. Parties have not discussed whether the Court should enter a protective order to facilitate discovery. To the extent Chase can articulate a plausible reason why a protective order is needed, plaintiff would not object to the form protective order found in Appendix L to the Local Rules.

10. **Proposed Dates**. Plaintiff proposes the following dates for this matter:

| | |
|---|---|
| EXCHANGE OF INITIAL DISCLOSURES | by July 20, 2021 |
| DEADLINE TO AMEND THE PLEADINGS: | July 30, 2021 |
| CLOSE OF FACT DISCOVERY | October 30, 2021 |
| DISPOSITIVE MOTIONS DUE | November 30, 2021 |
| TRIAL DATE SET | As soon thereafter as the Court's calendar permits. The estimated trial length is 1-2 days. |

11. **Other Matters**. Plaintiff respectfully petitions the Court for permission to file electronically. If the Court is willing to grant this request, a minute order to that effect should suffice for the plaintiff to make all necessary arrangements with the Court's staff responsible for CM/ECF matters.

Respectfully submitted,

By: /s/ Jakub Madej
Jakub J. Madej (not barred)
THE TEMPORARY OFFICES OF JAKUB MADEJ
415 Boston Post Rd, Ste 3-1102
Milford, CT 06460
T: (203) 928-8486
F: (203) 902-0070
E: j.madej@lawsheet.com

Plaintiff appearing in person

THE TEMPORARY OFFICES OF
# JAKUB J. MADEJ

100 CHURCH ST, 8TH FLOOR  (203) 928 8486
NEW YORK, NY 10007  (203) 902 0070 FAX
J.MADEJ@LAWSHEET.COM

June 19, 2021

**BY E-MAIL (David.dirisamer@btlaw.com)**

David J. Dirisamer, Esq.
BARNES & THORNBURG LLP
41 S Hight Street, Suite 3300
Columbus, OH 43215
T: (614) 628-1451

RE:   *Madej v. JP Morgan Chase N.A., 1:21-cv-791 (N.D. Ohio 2021)*

Dear Mr. Dirisamer:

Thank you for our preliminary Rule 26(f) discussions last Friday. This letter is intended to continue our dialogue about discovery in this case.

Broadly speaking, I will seek discovery on the following topics:

① When and how did Chase communicate with plaintiff by phone: how many times; using what numbers; for what purpose; who decided to place these calls; how they were made; the extent of human effort exerted in the process; what software was used; what message was played; etc.
② How does Chase generally communicate with its retail customers by phone: does it use automated devices and prerecorded messages; what is the technical nature of such devices; what kind of human effort is involved in operating them; etc.
③ Whether Chase complies with TCPA: does Chase have a Do Not Call policy; how does it train its employees regarding compliance with the Act; etc.
④ Whether Chase willfully or knowingly violated TCPA.

CT ADDRESS    415 BOSTON POST RD STE 3-1102    MILFORD CT    06460
(203) 928 8486    (203) 902 0070 FAX

Having in mind the complaint, the topics above, and early Rule 34 discovery requests that I served on June 11, please provide the following information as soon as practicable, and no later than June 24, 2021:

① A list of the most likely custodians of relevant electronically stored information, including a name, a brief description of each person's title and responsibilities;
② A list of each relevant electronic system that has been in place at all relevant times – that is, between January 1, 2016 and March 31, 2021 – and a general description of each system, including the nature, scope, character, organization, and formats employed in each system;
③ A general description of Chase's electronic document retention policies for the systems identified above;
④ The name of the individual designated by Chase as being most knowledgeable about its electronic document retention policies;
⑤ The name of the individual who will serve as Chase's e-discovery coordinator, *see* Appendix K to the Northern District's Local Rules.

Sincerely,

/s/ Jakub J. Madej

Copies to:   --

THE TEMPORARY OFFICES OF
# JAKUB J. MADEJ

| | |
|---|---|
| 100 CHURCH ST, 8TH FLOOR<br>NEW YORK, NY 10007 | (203) 928 8486<br>(203) 902 0070 FAX<br>J.MADEJ@LAWSHEET.COM |

July 8, 2021

**BY E-MAIL (David.dirisamer@btlaw.com)**

David J. Dirisamer, Esq.
BARNES & THORNBURG LLP
41 S Hight Street, Suite 3300
Columbus, OH 43215
T: (614) 628-1451

RE:  *Madej v. JP Morgan Chase N.A.*, **1:21-cv-791 (N.D. Ohio 2021)**

Dear Mr. Dirisamer:

I write in advance of the case management conference in this case, which is set for July 14.

On June 19, 2021, I sent you a letter asking for more detailed information about electronically stored information relevant to this case. I requested a list of the most likely custodians of relevant ESI, a general description of Chase's electronic document retention policies, and other items that Chase must have disclosed at the Rule 26(f) Conference[1]. To aid in these effort, I articulated the topics into which I will be seeking discovery. Three weeks have passed, and I have not received any response.

At this point, I have no knowledge about the form in which Chase stores the ESI that it will have to produce, whether any preservation efforts were made, or even if relevant evidence has been preserved at all.

---

[1] *See* Appendix K to Local Civil Rules, Default for Standard for Discovery of Electronically Stored Information, at ¶ 2.

| | | |
|---|---|---|
| **CT ADDRESS** | **415 BOSTON POST RD STE 3-1102**<br>**06460**<br>(203) 928 8486    (203) 902 0070 FAX | **MILFORD CT** |

Rule 26(f) imposes a duty on parties, including Chase, to participate in good faith in the framing of a discovery plan by agreement upon the request of any party[2]. I requested – by letter and over the phone – basic information necessary to draft a meaningful plan. Chase ignored these requests. Chase did not disclose information it must disclose under Appendix K at the conference, and failed to respond (or even acknowledge) to my requests requesting such disclosure. I am yet to receive initial disclosures from Chase, and the time for serving such disclosure has already elapsed[3]. Having ignored these requests, Chase today filed a document entitled "Rule 26(f) report", contending that it never received responses to a proposed "report".

The Court emphasizes the particular importance of cooperative exchanges of information at the earliest possible stage of discovery, including during the parties' Fed. R. Civ. P. 26(f) conference. I am committed to that cooperation, and I hope that so is Chase. So far, Chase's cooperation has been substandard.

Failing to discharge the duty of cooperation and disclosure is grounds for an award of expenses, including attorney's fees, to the cooperating party against the recalcitrant litigant[4]. I implore Chase to consider the potential consequences of not cooperating.

I reiterate my request that Chase provide the following information as soon as practicable, and no later than 8pm Eastern Time on Saturday, July 10.

① A list of the most likely custodians of relevant electronically stored information, including a name, a brief description of each person's title and responsibilities;
② A list of each relevant electronic system that has been in place at all relevant times – that is, between January 1, 2016 and March 31, 2021 –

---

[2] Fed. R. Civ. P. 37, Notes of Advisory Committee on Rules—1980 Amendment.
[3] Fed. R. Civ. P. 26(a)(1)(C) ("A party must make the initial disclosures at or within 14 days after the parties' Rule 26(f) conference."). Our conference was held on June 18. The deadline for serving disclosures has thus elapsed on July 2.
[4] Fed. R. Civ. P. 37(f).

and a general description of each system, including the nature, scope, character, organization, and formats employed in each system;
③ A general description of Chase's electronic document retention policies for the systems identified above;
④ The name of the individual designated by Chase as being most knowledgeable about its electronic document retention policies;
⑤ The name of the individual who will serve as Chase's e-discovery coordinator, *see* Appendix K to the Northern District's Local Rules.

Should Chase remain unwilling to cooperate, I serve additional questions about ESI as Rule 33 interrogatories. Answers to interrogatories must be expressed fully in writing, sworn to under oath, certified by an attorney of record, and served within 30 days. Any grounds for objecting must be stated with specificity, and grounds not stated in a timely objection are waived.

All communication should be sent to my email. Please refrain from sending any hard copies.

Sincerely,

/s/ Jakub J. Madej

Enclosed:   Plaintiff's Interrogatories (First Set)

Copies to:   -

THE TEMPORARY OFFICES OF
# JAKUB J. MADEJ

100 CHURCH ST, 8ᵀᴴ FLOOR　　　　　　　　　　(203) 928 8486
NEW YORK, NY 10007　　　　　　　　　　　　　(203) 902 0070 FAX
　　　　　　　　　　　　　　　　　　　　　　　J.MADEJ@LAWSHEET.COM

July 12, 2021

**BY E-MAIL (David.dirisamer@btlaw.com)**

David J. Dirisamer, Esq.
BARNES & THORNBURG LLP
41 S Hight Street, Suite 3300
Columbus, OH 43215
T: (614) 628-1451

　　RE:　*Madej v. JP Morgan Chase N.A.*, **1:21-cv-791 (N.D. Ohio 2021)**

Dear Mr. Dirisamer:

　　This is to memorialize Chase's declination to participate in framing the discovery plan in advance of the conference set for Wednesday, and its lack of response to plaintiff's letters dated June 19 and July 8 inquiring about Chase's compliance with its document preservation obligations, as well as collecting, producing, and processing electronic data.

　　I have been unable to discern (despite repeated efforts), and Chase has refused to represent (for over a month), whether Chase has preserved any relevant data, how is it stored, and who's their custodian. This is despite Chase's obligation under both Federal Rules and the Local Rules to disclose such information. *See* Fed. R. Civ. P. 26(f)(3)(C); Appendix K to Local Civil Rules, Default for Standard for Discovery of Electronically Stored Information, at ¶ 2.

　　I am, regrettably, forced to ask the Court to intervene.

　　Please note that failing to participate in good faith in developing and submitting a proposed discovery plan as required by Rule 26(f) is grounds

---

CT ADDRESS　　　415 BOSTON POST RD STE 3-1102　　　MILFORD CT 06460
　　　　　　　　　　(203) 928 8486　　　　(203) 902 0070 FAX

– 2 –

for recovery of expenses caused by such failure.

                                Sincerely,

                                */s/ Jakub J. Madej*

Enclosed: -

Copies to: -

## CERTIFICATE OF SERVICE

    I certify that I sent the foregoing Rule 26(f) Report by email to defendant's counsel on July 13, 2021. Counsel will receive a notice of electronic filing (NEF) from the Court's CM/ECF e-filing system when the foregoing is docketed as well.

                                                   /s/ Jakub Madej