IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAKUB MADEJ, | ) | CASE NO. 1:21CV791 |
| | ) | |
| Plaintiff, | ) | JUDGE J. PHILIP CALABRESE |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| JP MORGAN CHASE, N.A., | ) | |
| | ) | **PARTIAL PRETRIAL CASE** |
| Defendant. | ) | **MANAGEMENT PLAN AND** |
| | ) | **ORDER** |

This case is before me by referral by the District Judge to handle all pretrial matters.[1] In light of discussions during a status conference on July 14, 2021 with plaintiff Jakub Madej, who appears in this case pro se, and counsel for defendant JP Morgan Chase, N.A., I enter the following partial pretrial case management plan and order:

1. The parties previously agreed that this case is appropriately assigned to the standard case management track. Madej and counsel for JP Morgan Chase have suggested no reason to change this designation. This case is not suitable at this time for reference to the Alternative Dispute Resolution program or other mediation.

2. To the extent they have not already done so, the parties must complete their amended initial disclosures by July 30, 2021. The parties are reminded of their continuing

---

[1] Non-document order, 5/14/21.

1

duty to supplement and correct initial disclosures as appropriate as this case progresses. Each supplement and correction to the initial disclosures must be signed by the plaintiff himself or by lead counsel for the defendant, with the signature having the effect described in Fed. R. Civ. P. 26(g)(1)(A).

3. As discussed during the status conference, JP Morgan Chase must produce no later than July 26, 2021 the documents Madej has already requested, with the specific focus on documents related to the 88 alleged calls at issue in this case.

4. As an ongoing obligation for discovery conducted in this case, Madej and counsel for JP Morgan Chase must comply with Local Civil Rule 16.1(b)(6), which requires that all discovery be completed, and not merely propounded or noticed, by the discovery cut-off date. As that rule states, "discovery requests that seek responses or schedule depositions after the discovery cut-off are not enforceable except by order of the Court for good cause shown." Any motion for completion of discovery after the discovery cut-off date, filed after that date, will be granted only upon a showing of excusable neglect. Fed. R. Civ. P. 6(b)(1)(B).

5. Madej and counsel for JP Morgan Chase must meet and confer—in person, by telephone, or by videoconference—to resolve any discovery disputes as required by Local Civil Rule 37.1. If a dispute arises that counsel cannot resolve by meeting and conferring, then they must contact my chambers to seek further guidance and instructions consistent with Local Civil Rule 37.1(a). I will strictly enforce Local Civil Rule 37.1(b), which provides, "No discovery dispute shall be brought to the attention of the Court, and no motion to compel may be filed, more than ten (10) days after the discovery cut-off date."

6.      I will conduct a follow-up status conference on August 2, 2021 at 1 p.m. via Zoom videoconferencing with Madej and counsel for JP Morgan Chase. The invitation link for the videoconference will be sent out in a separate email. I intend to use this follow-up status conference to discuss the status of the parties' discovery and to set deadlines for the remaining portions of the case management plan.

IT IS SO ORDERED.

Dated: July 26, 2021                                                      s/ William H. Baughman, Jr.
                                                                                United States Magistrate Judge