THE TEMPORARY OFFICES OF
# JAKUB J. MADEJ

100 CHURCH ST, 8TH FLOOR  (203) 928 8486
NEW YORK, NY 10007  (203) 902 0070 FAX
J.MADEJ@LAWSHEET.COM

October 5, 2021

**BY E-MAIL (David.dirisamer@btlaw.com)**

Hon. William H. Baughman, Jr.
Carl B. Stokes U.S. Court House
801 West Superior Avenue
Cleveland, Ohio 44113-1846

> RE:  *Madej v. JP Morgan Chase N.A.*, 1:21-cv-791 (N.D. Ohio 2021)
> **Discovery dispute letter in advance of status conference**

Dear Judge Baughman:

I write this brief letter to address an ongoing discovery dispute in advance of our status conference scheduled for 11am today.

In early July, I extended six interrogatories on my adversary, to which Chase responded with 47 boilerplate "objections" that fail to state any grounds for the objection, lack the necessary specificity required by Rule 33(b)(4), and appear inconsistent with established caselaw – not least by the Sixth Circuit – condemning such "boilerplate" objections as inadequate at best and sanctionable at worst. *Gale v. O'Donohue*, 824 F. App'x 304, 312 n.5 (6th Cir. 2020) (boilerplate discovery objections are "a problem"). See also *Liguria Foods, Inc. v. Griffith Labs., Inc.*, 320 F.R.D. 168, 168 (N.D. Iowa 2017) (*sua sponte* ordering counsel to show cause why they should not be sanctioned for boilerplate discovery responses); Matthew L. Jarvey, *Boilerplate Discovery Objections: How They Are Used, Why They Are Wrong, and What We Can Do About Them*, 61 Drake L. Rev. 913 (2013).

As a snapshot, Chase refused to produce document retention policies called for by this District's default ESI standard at 2(c) *and* requested by an interrogatory claiming that a phrase "document retention policy" is "vague

and ambiguous". Chase employed this far-fetched excuse with other words that have a well-established meaning, such as a "vendor".

I tried to address these and other concerns on multiple occasions with my learned friend Mr. Dirisamer, who represents the defendant Chase, both by letter and by telephone. I regret to say that counsel simply hang up on each call after I introduced myself, only to later claim "unavailability" by email. Counsel thus constructively refused to discuss the discovery dispute, making any amicable resolution of the discovery dispute unlikely.

I attach to this letter my original interrogatories, as well as Chase's responses.

While I intend on bringing a formal motion seeking a finding that Chase's objections violate Rule 26(g) and compelling Chase to answer the interrogatories in full, an informal resolution would be beneficial in moving this case forward towards trial. I intend to raise this point at the conference later today.

I thank the Court for the time and consideration.

                                                Sincerely,

                                          Jakub Madej

Enclosed:    Plaintiff's interrogatories (First Set) dated July 8, 2021
                  Defendant's responses dated August 9, 2021

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT CLEVELAND

JAKUB MADEJ,

    Plaintiff,

v.

JP MORGAN CHASE N.A.,

    Defendant.

Case No. 1:21-cv-00791

**PLAINTIFF'S INTERROGATORIES TO DEFENDANT J.P. MORGAN CHASE N.A. (FIRST SET)**

Propounded: July 8, 2021
Answers due: August 8, 2021

    Please deliver Chase's answers to the following interrogatories to me by email. Each interrogatory must be answered separately in writing under oath.

    Nothing in these interrogatories should be construed as requiring disclosure of materials protected by the attorney-client privilege. Unless specified otherwise, these requests are limited in time to the period of January 1, 2016 and March 31, 2021.

— 1 —

**1**    **Electronically stored information.**

    (1) Provide a list of the most likely custodians of electronically stored information relevant to this case – as set forth in the complaint, early Rule 34 requests, and our discussions – including a name, a brief description of each person's title and responsibilities;

    (2) Provide a list of each relevant electronic system that has been in place at all relevant times – that is, between January 1, 2016 and March 31, 2021 – and a general description of each system, including the nature, scope, character, organization, and formats employed in each system;

    (3) Provide all written electronic document retention policies for the systems identified above;

    (4) Provide a list of systems (if any) that contain ESI not associated with individual custodians and that will be preserved, such as enterprise database;

    (5) Provide the name of the individual designated by Chase as being most knowledgeable about its electronic document retention policies;

**2**    Identify each TCPA lawsuit filed against Chase and state date filed, county and state where suit was filed, case number, and the ultimate disposition of the case (trial, summary judgment in favor of Chase, dismissal, etc.);

**3**    State whether Chase, its agent, or vendor has utilized prerecorded messages delivered by telephone between January 1, 2016 and March 31, 2021. If the answer is "yes", provide a list of such vendors or agents, specify the period when such prerecorded messages were used, and provide an approximate number of calls made.

| | | |
|---|---|---|
| 1 2 3 | **4** | Produce all agreements between Chase and its vendors that contain any provisions (i) establishing or discussing compliance with TCPA; (ii) allocating risk from potential violations of TCPA between Chase and the vendors. |
| 5 6 7 8 | **5** | Produce any documents governing or regulating any internal training program at Chase intended to ensure that its personnel are aware of Chase's TCPA compliance obligations, including training materials, presentations, handouts, and emails. |
| 10 11 | **6** | Produce any reports of internal audit programs instituted by Chase or its vendors to assess Chase's compliance with TCPA. |

— 3 —

## **CERTIFICATION**

I certify that all responses above are consistent with Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 26(g).

                                                           Attorney for J.P. Morgan Chase, N.A.

## **VERIFICATION**

I am _____ [INSERT NAME]. I am authorized to answer the foregoing interrogatories for the defendant J.P. Morgan Chase, N.A.. Under penalties of perjury, I declare that I have examined my answers, and to the best of my knowledge and belief, they are true, correct, and complete. Answers are based on all information of which Chase has any knowledge.

                                                           Affiant

                                                           Position at Chase

Subscribed and sworn to before me this _____ day of _____, 2021.

        [SEAL]

                                                           Notary Public

                                                           (My commission expires: ____, ___.)

PLAINTIFF'S INTERROGATORIES TO DEFENDANT J.P. MORGAN CHASE N.A. (FIRST SET)
CASE NO. 1:21-CV-00791

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

                Respectfully propounded,

Dated: July 8, 2021.          By: /s/ Jakub Madej
                                 Jakub J. Madej (in person)
                                 THE TEMPORARY OFFICES OF JAKUB MADEJ
                                 415 Boston Post Rd, Ste 3-1102
                                 Milford, CT 06460
                                 T: (203) 928-8486
                                 F: (203) 902-0070
                                 E: j.madej@lawsheet.com

## **CERTIFICATE OF SERVICE**

I certify that I sent the foregoing Interrogatories (First Set) on July 8, 2021 to Chase's counsel by email to David.Dirisamer@btlaw.com.

/s/ Jakub Madej

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| Jakub Madej, | ) | Case No. 1:21-cv-791 |
| | ) | |
| Plaintiff, | ) | |
| | ) | Judge Calabrese |
| v. | ) | |
| | ) | Magistrate Judge Baughman |
| JPMorgan Chase N.A., | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT**

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendant JPMorgan Chase Bank N.A. ("Chase"), through its undersigned counsel, hereby responds to Plaintiff Jakub Madej's First Set of Interrogatories (the "Interrogatories") as follows:

**PRELIMINARY STATEMENT AND GENERAL OBJECTIONS**

1. Chase objects to the extent any Interrogatory which seeks the disclosure of information protected by the attorney-client privilege, work product doctrine, personal information and banking privacy laws, bank examination privilege, laws governing confidential supervisory information, or any other legal or regulatory protection from disclosure, including but not limited to the protections applicable to suspicious activity reports ("SARs"). Any disclosure or production of any privileged information is inadvertent and shall not be deemed or construed as waiving any rights that Chase has or may come to have in relation to any privilege, doctrine, rule, regulation, or law governing confidential information protected from disclosure.

2. Chase objects to the Interrogatories to the extent they seek to impose burdens upon Chase that exceed Chase's discovery obligations under the Federal Rules of Civil Procedure or otherwise seek to define matters in a manner inconsistent with the Rules.

3. Chase objects to the purported time period of the Interrogatories, January 1, 2016 to March 31, 2021, as overly broad and unduly burdensome, particularly because the earliest phone call alleged in Plaintiff's Complaint occurred on December 2, 2020, almost five years after the beginning of the purported time period of the Requests.

4. Chase reserves and does not waive any objections that Chase has or may come to have as to the admissibility or relevance at trial of any information provided in response to these Interrogatories.

5. Chase reserves the right to supplement or amend any responses to these Interrogatories should future investigation indicate that such supplementation or amendment is necessary. More specifically, Chase states that fact discovery in this action remains open and no witness has yet been deposed.

**INTERROGATORY NO. 1: Electronically Stored Information.**

(1) Provide a list of the most likely custodians of electronically stored information relevant to this case – as set forth in the complaint, early Rule 34 requests, and our discussions – including a name, a brief description of each person's title and responsibilities;

(2) Provide a list of each relevant electronic system that has been in place at all relevant times – that is, between January 1, 2016 and March 31, 2021 – and a general description of each system, including the nature, scope, character, organization and formats employed in each system;

(3) Provide all written electronic document retention policies for the systems identified above;

(4) Provide a list of systems (if any) that contain ESI not associated with individual custodians and that will be preserved, such as enterprise database;

(5) Provide the name of the individual designated by Chase as being most knowledgeable about its electronic document retention policies;

**RESPONSE:** Chase objects that this Interrogatory fails to identify with specificity the information requested, and appears to improperly seek the creation of, or production of, documents rather than a narrative response. Chase further objects that this Interrogatory is vague and ambiguous in that it fails to define or specify the words or phrases "our discussions," "each relevant electronic system," "system," "document retention policies," and "enterprise database." Chase further objects to this Interrogatory to the extent it seeks documents or information that contain confidential, proprietary business information that belongs to Chase and/or third parties. Chase further objects to this Interrogatory as overly broad and unduly burdensome as it is not restricted to the telephone calls at issue which relate solely to Plaintiff nor to the period of time in which Plaintiff alleges he received the telephone calls at issue. Chase further objects that the Interrogatory is not proportional to the needs of the case, particularly in seeking information concerning "each relevant electronic system" and "all written electronic document retention policies" in light of the amount in controversy, the lack of importance of the requested information to the extent it does not relate to the telephone calls at issue and the burden and expense of identifying the requested information outweighs its likely benefit. Chase further objects to this Interrogatory to the extent that it seeks to require Chase to provide information pursuant to Appendix K to the Local Rules even though Chase has neither agreed to provide such information and the Court has not required Chase to provide such information.

**INTERROGATORY NO. 2:** Identify each TCPA lawsuit filed against Chase and state date filed, county and state where suit was filed, case number, and the ultimate disposition of the case (trial, summary judgment in favor of Chase, dismissal, etc.).

**RESPONSE:** Chase objects to this Interrogatory as overly broad and unduly burdensome as it is not restricted to the telephone calls at issue or the time period at issue in the Complaint and it seeks

3

the disclosure of materials that have no relevance or bearing on the claims and defenses in this matter which relate solely to telephone calls to Plaintiff. Chase further objects that this Interrogatory is not proportional to the needs of the case, in light of the amount in controversy, the lack of importance of the requested information to the extent it does not relate to the telephone calls at issue and the burden and expense of identifying the requested information outweighs its likely benefit. Chase further objects to this Interrogatory to the extent that it seeks the disclosure of information protected by the attorney-client privilege, work product doctrine, personal information and banking privacy laws, bank examination privilege, laws governing confidential supervisory information, or any other legal or regulatory protection from disclosure, including but not limited to confidentiality or non-disclosure agreements or protective orders. Chase further objects to the extent this Interrogatory seeks to require the creation of a document(s). Chase further objects to the extent such information is publicly available, and thus is equally available to Plaintiff as to Chase. Chase further objects that this Interrogatory is duplicative of Plaintiff's Request for Production No. 17.

**INTERROGATORY NO. 3:** State whether Chase, its agent, or vendor has utilized prerecorded messages delivered by telephone between January 1, 2016 and March 31, 2021. If the answer is "yes," provide a list of such vendors or agents, specify the period when such prerecorded messages were used, and provide an approximate number of calls made.

**RESPONSE:** Chase objects to this Interrogatory as vague and ambiguous in that it fails to define or specify the words or phrases "agent," "vendor," "prerecorded messages," and "delivered by telephone." Chase further objects to this Interrogatory as overly broad and unduly burdensome as it seeks the disclosure of materials or information that have no relevance or bearing on the claims and defenses in this matter which relate solely to Plaintiff and because the time period specified

by this Interrogatory is far broader than the time period during which Plaintiff alleges he received calls from Chase. Chase further objects to this Request as not proportional to the needs of the case, particularly when considering the amount in controversy, the lack of importance of the requested information in resolving the issues and that the burden and expense of identifying the requested information outweighs its likely benefit.

Notwithstanding these objections and without waiving the same, and pursuant to Fed. R. Civ. P. 33(d), Chase states that, following a reasonable and diligent search of its records, and subject to the entry of an appropriate protective order and/or any necessary redactions, Chase has produced documents which reflect Chase's phone calls to Plaintiff.

**INTERROGATORY NO. 4:** Produce all agreements between Chase and its vendors that contain any provisions (i) establishing or discussing compliance with TCPA; (ii) allocating risk from potential violations of TCPA between Chase and the vendors.

**RESPONSE:** Chase objects that this Interrogatory fails to identify with specificity the information requested, and appears to improperly seek the creation of, or production of, documents rather than a narrative response. Chase further objects to this Interrogatory as vague and ambiguous in that it fails to define or specify the words or phrases "vendors," "establishing or discussing compliance," and "allocating risk." Chase further objects to this Interrogatory as overly broad and unduly burdensome as it seeks the disclosure of materials that have no relevance or bearing on the claims and defenses in this matter which relate solely to telephone calls to Plaintiff. Chase further objects to this Interrogatory as not proportional to the needs of the case, particularly when considering the amount in controversy, the lack of importance of the requested information in resolving the issues and that the burden and expense of identifying the requested information outweighs its likely benefit. Chase further objects to this Interrogatory to the extent that it seeks the disclosure of

information protected by the attorney-client privilege, work product doctrine, personal information and banking privacy laws, bank examination privilege, laws governing confidential supervisory information, or any other legal or regulatory protection from disclosure. Chase further objects to this Interrogatory to the extent it seeks documents that contain confidential, proprietary business information that belongs to Chase and/or third parties.

**INTERROGATORY NO. 5:** Produce any documents governing or regulating any internal training program at Chase intended to ensure that its personnel are aware of Chase's TCPA compliance obligations, including training materials, presentations, handouts, and emails.

**RESPONSE:** Chase objects that this Interrogatory fails to identify with specificity the information requested, and appears to improperly seek the creation of, or production of, documents rather than a narrative response. Chase further objects to this Interrogatory as vague and ambiguous in that it fails to define or specify the words or phrases "governing or regulating," internal training program," and "training materials," "presentations," and "handouts." Chase further objects to this Interrogatory as overly broad and unduly burdensome as it seeks the disclosure of materials that have no relevance or bearing on the claims and defenses in this matter which relate solely to Plaintiff. Chase further objects to this Interrogatory as not proportional to the needs of the case, particularly when considering the amount in controversy, the lack of importance of the requested information in resolving the issues and that the burden and expense of identifying the requested information outweighs its likely benefit. Chase further objects to this Interrogatory to the extent that it seeks the disclosure of information protected by the attorney-client privilege, work product doctrine, personal information and banking privacy laws, bank examination privilege, laws governing confidential supervisory information, or any other legal or regulatory protection from

disclosure. Chase further objects to this Interrogatory to the extent it seeks documents that contain confidential, proprietary business information that belongs to Chase and/or third parties.

**INTERROGATORY NO. 6:** Produce any reports of internal audit programs instituted by Chase or its vendors to assess Chase's compliance with TCPA.

**RESPONSE:** Chase objects that this Interrogatory fails to identify with specificity the information requested, and appears to improperly seek the creation of, or production of, documents rather than a narrative response. Chase further objects to this Interrogatory as vague and ambiguous in that it fails to define or specify the words or phrases "internal audit programs," "vendors," and "assess Chase's compliance." Chase further objects to this Interrogatory as overly broad and unduly burdensome as it seeks the disclosure of materials that have no relevance or bearing on the claims and defenses in this matter which relate solely to Plaintiff. Chase further objects to this Interrogatory as not proportional to the needs of the case, particularly when considering the amount in controversy, the lack of importance of the requested information in resolving the issues and that the burden and expense of identifying the requested information outweighs its likely benefit. Chase further objects to this Interrogatory to the extent that it seeks the disclosure of information protected by the attorney-client privilege, work product doctrine, personal information and banking privacy laws, bank examination privilege, laws governing confidential supervisory information, or any other legal or regulatory protection from disclosure. Chase further objects to this Interrogatory to the extent it seeks documents that contain confidential, proprietary business information that belongs to Chase and/or third parties.

| | |
|---|---|
| August 9, 2021 | As to all objections, |
| | |
| | _/s/ David J. Dirisamer_ |
| | David J. Dirisamer (0092125) |
| | BARNES & THORNBURG LLP |
| | 41 South High Street, Suite 3300 |
| | Columbus, OH 43215 |
| | 614-628-1451 (Office) |
| | 614-628-1433 (Facsimile) |
| | David.Dirisamer@btlaw.com |
| | *Attorney for Defendant JPMorgan Chase Bank, N.A.* |

## VERIFICATION

I, Brian Paveza, declare as follows:

I am an agent of JPMorgan Chase Bank, N.A. ("Chase") and am authorized to make this Verification on its behalf. I have read Chase's Responses to Plaintiff's First Set of Interrogatories (the "Responses") and am informed and believe, including based on a review of books and records maintained by Chase and/or its affiliates, that the matters set forth in the Responses are true.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: August 5, 2021

Brian Paveza

## CERTIFICATE OF SERVICE

      I hereby certify that on August 9, 2021, I served a copy of the foregoing upon the below via electronic mail:

    Jakub J. Madej
    415 Boston Post Rd., Ste. 3-1102
    Milford, CT 06460
    j.madej@lawsheet.com
    *Plaintiff Pro Se*

                                          */s/ David J. Dirisamer*
                                          David J. Dirisamer