IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAKUB MADEJ, | ) | CASE NO. 1:21CV791 |
| | ) | |
| Plaintiff, | ) | JUDGE J. PHILIP CALABRESE |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| JP MORGAN CHASE, N.A., | ) | |
| | ) | **ORDER UNDER FED. R. EVID.** |
| Defendant. | ) | **502(d)** |

This case is before me by referral by the District Judge to handle all pretrial matters.[1] I conducted a status conference in this case on October 5, 2021. Through the discussions with plaintiff and defense counsel, I learned of discovery disputes related to interrogatory answers (ECF #18) and possibly to document production requests. At that time, I indicated I would enter an order pursuant to Fed. R. Evid. 502(d) so that the parties can preserve both attorney-client privilege and work product protections for information and documents that may be responsive to the disputed discovery requests. I urged the parties to work towards a cooperative resolution of all pending and future discovery disputes. This order is intended to foster that cooperation.

---

[1] Non-document order, 5/14/21.

Accordingly, for the foregoing reasons and in light of the discussions during the status conference on October 5, 2021, I hereby enter the following order.

Issues of privilege and work product or other protections are best determined on the merits with the specific documents or other items already identified and produced. To avoid premature and unnecessary disputes over disclosures of any documents or other items claimed to be proprietary or otherwise subject to the attorney-client privilege or the work product protection, I order pursuant to Fed. R. Evid. 502(d) that such disclosures will not constitute a waiver of the attorney-client privilege or work product protection, as applicable, in this litigation or in any other federal or state proceeding. Counsel should consider disclosures made under the stipulated protective order (ECF #13) and this Rule 502(d) order as a way to defer disputes over issues of privilege and protection until counsel propose to offer such evidence in connection with a decision on the merits.

Further, to the extent the discovery in dispute is subject to other objections such as relevance and disproportionality, counsel are admonished that they should seriously discuss disclosure under the terms of the stipulated protective order, with the right reserved to put forward any and all objections in the context of decisions on the merits. To the extent the parties choose this prudent course, I reserve the discretion to apportion costs of disclosure after the resolution of remaining objections if appropriate.

To forestall or eliminate the need for judicial resolution of future discovery disputes, counsel should explore more efficient and less costly alternatives for

accomplishing discovery. Initial disclosures[2] are a valuable discovery tool in this regard. The parties and their counsel are reminded that a document or a witness cannot be withheld from disclosure on the basis of work product protection merely because counsel has made a professional judgment that the document or witness may be used as evidence in support of a claim or defense. Otherwise, the disclosure process as set out in the rules becomes meaningless. For this reason, the disclosures—initial, supplemental, and corrected—will eventually include every witness or document that will appear on a trial list for purposes of supporting a claim or defense. Counsel may well not finalize a list of documents or witnesses for purposes of dispositive motions or trial until after the close of discovery. For strategic or practical reasons, certain witnesses or documents that provide support for claims or defenses may not be offered for purposes of a decision on the merits. Nevertheless, these witnesses and documents must be timely disclosed or, if not, excluded as evidence on motion or at trial.

Lastly, the parties and their counsel are reminded that the Federal Rules of Civil Procedure, including those governing discovery, "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."[3] These rules give me ample authority to eliminate any concerns over whether a party or its lawyer is cooperating in discovery.[4]

---

[2] Fed. R. Civ. P. 26(a)(1)-(4).
[3] Fed. R. Civ. P. 1.
[4] *See, e.g.,* Fed. R. Civ. P. 37.

IT IS SO ORDERED.

Dated: October 7, 2021                      s/ William H. Baughman, Jr.
                                                                                United States Magistrate Judge