# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| JAKUB MADEJ, | ) | CASE NO. 1:21-CV-791 |
| | ) | |
| Plaintiff, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| vs. | ) | MAGISTRATE JUDGE BAUGHMAN |
| | ) | |
| JPMORGAN CHASE N.A., | ) | **MEMORANDUM OPINION** |
| | ) | **GRANTING DEFENDANT JPMORGAN** |
| Defendant. | ) | **CHASE N.A.'S MOTION FOR** |
| | ) | **SUMMARY JUDGMENT** |

Before the Court is Defendant JPMorgan Chase N.A.'s Motion for Summary Judgment (Doc. 23). Plaintiff, Jakub Madej, has not opposed Defendant's Motion. For the reasons set forth below, Defendant's Motion for Summary Judgment is hereby GRANTED.

On April 14, 2021, Plaintiff filed an 88-count complaint against Defendant, each count alleging a knowing and willful violation of the Telephone Consumer Protection Act ("TCPA") (Doc. 1). Plaintiff alleged that Defendant called his cell phone number 88 times using an automated dialing system without Plaintiff's consent. (Doc. 1, PageID# 3–4.) Plaintiff went on to allege that, when he answered these calls, a prerecorded message played "without human intervention." (*Id.*) Plaintiff alleged that the calls invaded his privacy, incurred charges, reduced Plaintiff's available cellular phone "minutes," and clogged Plaintiff's voicemail. (Doc. 1, PageID# 4–5.) Because Defendant's purported violations of the TCPA were knowing and willful, Plaintiff seeks punitive damages in addition to the statutory damages available to Plaintiff for each call placed in violation of the TCPA. (Doc. 1, PageID# 5–6.)

Defendant answered the complaint on June 4, 2021 (Doc. 5), generally denying the allegations made in the complaint. Defendant also asserted a number of affirmative defenses, including that Plaintiff consented to the calls, and that the device used by Defendant to place the

1

calls "does not fall within the definition of an automated telephone dialing system . . . ." (Doc. 5, PageID# 29–30.)

Following the completion of discovery, Defendant filed its Motion for Summary Judgment on April 18, 2022 (Doc. 23). Defendant argues that there are no genuine issues of material fact as to (1) Plaintiff's consent to the calls; and (2) Defendant's dialing system, which is not an automated telephone dialing system ("ATDS") and does not fall within the ambit of the TCPA. Defendant supports its Motion with a sworn declaration made by Robert Galinsky, a Vice President, Branch Manager of Defendant, and business records related to Plaintiff's account of which Mr. Galinsky is personally familiar. (Doc. 23-1, PageID# 170–71, "Exhibit A.") These business records include documents created when Plaintiff opened the account, including a Personal Signature Card, documents supporting Plaintiff's identification, and bank statements. (Doc. 23-1, PageID# 171–72, "Exhibit A.")

Pursuant to Loc. R. 7.1(d), Plaintiff had thirty (30) days, or until May 18, 2022, to oppose Defendant's Motion. Plaintiff did not oppose Defendant's Motion within the allotted time and has not requested leave to do so. Defendant's Motion is now ripe for review.

### A. MOTION STANDARD

Federal Rule of Civil Procedure 56(a) provides, "The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(1)(A) goes on to state that a party moving for summary judgment must establish the lack of genuine dispute by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials."

For the purposes of summary judgment, a fact is "material" if it could affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Moreover, Rule 56's reference to "genuine disputes" means that the evidence presented is such that "a reasonable jury could return a verdict for the nonmoving party." *Id.* If a moving party establishes that the case is devoid of genuine disputes over material facts, the nonmoving party "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Id.* (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288 (1968)). Evidence offered by the nonmovant is presumed to be true, and "all justifiable inferences are to be drawn in his favor." *Id.* (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)).

Summary judgment should therefore be granted if "there is any [evidence] upon which a jury could properly proceed to find a verdict for the party producing it." *Id.* at 251 (quoting *Improvement Co. v. Munson*, 81 U.S. 442, 448 (1872)). *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) ("In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) ("Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no "genuine issue for trial").

### B. LAW AND ANAYLSIS

Congress enacted the TCPA to protect consumer privacy and regulate telephone solicitations "using any automatic telephone dialing system or an artificial prerecorded voice" to a telephone number without obtaining the "prior express consent of the called party." 47 U.S.C. §

3

227(b)(1)(A)(iii). "Prior express consent" occurs when individuals invite or permit an entity to call them by knowingly releasing their cell phone number to that entity, until such consent is revoked. *Barton v. Credit One Fin.*, No. 16-CV-2652, 2018 WL 2012876, at *2 (N.D. Ohio Apr. 30, 2018) (citing *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 23 FCC Rcd. 559 (2008)). Addressing the facts of this case, the Sixth Circuit has found that "the provision of a cell phone number to a creditor, *e.g.*, as part of a credit application, reasonably evidences prior express consent by the cell phone subscriber to be contacted at that number regarding the debt." *Baisden v. Credit Adjustments, Inc.*, 813 F.3d 338, 343 (6th Cir. 2016) (quoting *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 23 FCC Rcd. 559, 559 (2008)).

The Sixth Circuit has conclusively held—at least twice—that when consent to be called is given regarding an account upon which a debt is owed, the calling party is permitted to use autodialing technology and/or prerecorded messages for calls placed to both land lines and wireless numbers. *Baisden*, 813 F.3d at 349. *See Hill v. Homeward Residential, Inc.*, 799 F.3d 544, 552 (6th Cir. 2015) ("[A] debtor does not need to give his consent to automated calls specifically; his general consent to being called on a cellphone constitutes 'prior express consent'"). Notably, however, although a lack of prior express consent is necessary for Plaintiff to prove his case, the existence of such consent is an affirmative defense for which Defendant bears the burden of proof. *In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1999*, FCC 07-232, 23 FCCR 559 (Dec. 28, 2007; released Jan. 4, 2008) ("Should a question arise as to whether express consent was provided, the burden will be on the creditor to show it obtained the necessary prior express consent."). *See also Van Patten v. Vertical Fitness Grp.*, 847 F.3d 1037, 1044 (9th Cir. 2017); *Shelton v. Direct Energy, L.P.*, No. 1:19CV0081, 2018 WL 4194179, at *5

4

(N.D. Ohio Aug. 27, 2019); *Rodriguez v. Premier Bankcard, LLC*, No. 3:16CV2541, 2018 WL 4184742, at *3 (N.D. Ohio Aug. 31, 2018).

Defendant's Motion and accompanying evidentiary materials conclusively establish that Plaintiff gave Defendant prior express consent before he received the calls described in the complaint, and that Plaintiff did not revoke that consent. The Galinsky Declaration[1] states that Plaintiff provided his cell phone number to Defendant on February 7, 2017, when Plaintiff completed and signed a Personal Signature Card for the account that included his number. (Doc. 23-1, PageID# 171, ¶ 6.) The Personal Signature Card, which is identified in the Galinsky Declaration and attached thereto, includes the following statement:

> When you give us your mobile number, we have your permission to contact you at that number about all your Chase or J.P. Morgan accounts. Your consent allows us to use text messaging, artificial or prerecorded voice messages and automatic dialing technology for informational and account service calls, but not for telemarketing or sales calls. It may include contact from companies working on our behalf to service your accounts. Message and data rates may apply. You may contact us anytime to change these preferences.

(Doc. 23-1, PageID# 171, ¶ 10; 174.)

The Court's basis for finding prior express consent under these facts is twofold: First, like the plaintiff in *Hill*, Plaintiff knowingly provided his cell phone number to Defendant at the time he opened the account. Although unnecessary, Defendant also disclosed the manners in which it may contact Plaintiff, including the use of automatic dialing technology. That disclosure, Plaintiff's cell phone number, and Plaintiff's signature all appear on the same, one-page form. Moreover, there is no evidence before the Court that supports any revocation of that consent.

---

[1] The Galinsky Declaration comports with the requirements of Fed. R. Civ. P. 56(c)(4), requires that an affidavit or declaration in support of a motion for summary judgment "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."

Second, the Galinsky Declaration also states that, "From September 28, 2020 to October 15, 2020, and again beginning October 19, 2020, the Account had a negative balance." (Doc. 23-1, PageID# 172, ¶ 12.) A comparison of these dates to the dates of the calls listed in the Complaint indicates that the calls were all placed during a time in which Plaintiff's account had a negative balance. (Doc. 1, PageID# 3.) Therefore, the evidence before the Court establishes that Defendant's calls were placed to Plaintiff in relation to a debt owed on the account for which the telephone number was provided.

As Defendant points out in its Motion, creditors such as Defendant may make "debt-collection calls targeted [to] a list of debtors" because the TCPA is not intended to stop a bank from calling its customers, but rather to stop telemarketers from making random, sequentially generated "robocalls" to consumers who do not wish to receive them. *See* Doc. 23, PageID# 163 (quoting *Glasser v. Hilton Grand Vacations Co.*, 948 F.3d 1301, 1306, 1308 (11th Cir. 2020)). The Court's decision in this case is consistent with the TCPA's intended purpose. In the same way that a bank may call its customer at a number the customer provided to inform him of possible fraudulent activity on his account, so too may a bank call its customer at that same number to notify him of, and attempt to rectify, a debt created by the customer's negative account balance (provided that the consumer's consent to call the number has not been revoked).

Plaintiff's prior express consent to the calls is, on its own, fatal to his case; therefore, the Court need not examine the type of technology Defendant used to call Plaintiff. The Sixth Circuit's holdings in *Hill v. Homeward Residential, Inc.* and *Baisden v. Credit Adjustments, Inc.*—that prior express consent permits a creditor to contact a debtor by any telephonic means—renders such an analysis moot.

### C. CONCLUSION

For the reasons set forth above, Defendant's Motion for Summary Judgment (Doc. 23) is GRANTED. Plaintiff's complaint is hereby DISMISSED with prejudice.

**IT IS SO ORDRED.**

**Date: June 6, 2022**

*/s/ Charles Fleming*
_____
**CHARLES E. FLEMING**
**U.S. DISTRICT COURT JUDGE**